**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **DAVID MCCULLOUGH** on behalf of himself and all others similarly situated, 10010 Kennedy Ledge Road Garrettsville, Ohio 44231 | ) ) ) ) | **CASE NO.** **JUDGE:** |
|  | ) ) ) |  |
| Plaintiff | ) ) ) |  |
| vs. | ) ) ) |  |
| **INSIGHT FOUNDATION OF HILLSIDE** 1350 E. Market St. Warren, Ohio 44483 | ) ) ) ) ) | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| **Also serve:** **Baseer Tajuddin** ℅ Statutory Agent, 1350 E. Market St. Warren, Ohio 44483 | ) ) ) ) ) ) |  |
| and | ) ) |  |
| **INSIGHT FOUNDATION OF TRUMBULL** 1350 E. Market St. Warren, Ohio 44483 | ) ) ) ) ) |  |
| **Also serve:** **Baseer Tajuddin** ℅ Statutory Agent, 1350 E. Market St. Warren, Ohio 44483 | ) ) ) ) ) ) |  |
| and | ) ) |  |
| **FIRDAUS FOUNDATION** 4800 S. Saginaw St., Ste. 1800 Flint, Michigan 48507 | ) ) ) ) ) |  |
| **Also serve:** **Nadir Ijaz** ℅ Statutory Agent, 4800 S. Saginaw St., Ste. 1800 Flint, Michigan 48507 | ) ) ) ) ) ) |  |

Defendants )
)
)

Plaintiff David McCullough ("Plaintiff") on behalf of himself and a class of those similarly situated, by way of Complaint against Insight Foundation of Hillside, Insight Foundation of Trumbull, and the Firdaus Foundation (hereinafter referred to collectively as "Defendants"), by and through his counsel alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendants, as a single employer, on behalf of himself and for all other similarly situated employees who were terminated without cause, as part of, or as the result of  a mass layoff and/or plant closing ordered by Defendants on or about March 28, 2025 and thereafter, and who were not provided 60 days advance written notice of their terminations by Defendants (the "Class"), as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101-2109 et seq.

2.      Plaintiff, on behalf of himself and for all other similarly situated employees, seeks to recover damages in the amount of 60 days' pay and ERISA benefits, pursuant to the WARN Act.

3.      Plaintiff, on behalf of himself and for all other similarly situated employees, also seeks the repayment of amounts deducted for fringe benefits from his wages for contributions that Defendants retained.

4.      Plaintiff, on behalf of himself and for all other similarly situated employees, also seeks compensation for accrued but unpaid vacation time from Defendants.

5.      Plaintiff, on behalf of himself and for all other similarly situated employees, seeks to enjoin Defendants from dissolving their corporate entities and dissipating their assets pending resolution of the claims at issue herein.

2

**PARTIES.**

6.     Plaintiff McCullough is an individual who resides in the City of Garrettsville, Ohio in Portage, County, Ohio.

7.     Insight Foundation of Hillside ("Insight Hillside") is a nonprofit incorporated under the laws of Ohio with a principal place of business located at 8748 Squires Lane NE, Warren, Ohio 44484 ("Hillside Facility"). Insight Hillside is registered to do business as "Insight Hospital and Medical Center Hillside."

8.     Insight Foundation of Trumbull ("Insight Trumbull") is a nonprofit incorporated under the laws of Ohio with a principal place of business located at 1350 East Market Street, Warren, Ohio 44482. Insight Foundation of Trumbull also maintains facilities at 20 Ohltown Rd., Austintown, Ohio 44515, and 2580 Elm Road, Cortland, Ohio 44410 (collectively the "Trumbull Facilities")(hereinafter the Hillside Facility and the Trumbull Facilities shall be collectively referred to as the "Facilities"). Insight Foundation of Trumbull is registered to do business as "Insight Hospital and Medical Center Trumbull."

9.     Defendant Firdaus Foundation is nonprofit incorporated under the laws of Michigan, doing business as "Insight Foundation of America." Upon information and belief, and pursuant to corporation documents filed the Ohio Secretary of State, Firdaus Foundation owns both Insight Trumbull and Insight Hillside.

10.     Upon information and belief, Firdaus Foundation, Insight Foundation of Hillside, and Insight Foundation of Trumbull act as a single employer under the WARN Act.

**JURISDICTION AND VENUE.**

11.     The Court has jurisdiction of this action under 28 U.S.C. § 1331, 29 U.S.C. §2104(a)(5), and 29 U.S.C. §1132(e).

12.     This Court has supplemental jurisdiction over Plaintiff's, and the Class's, state law causes of action against Defendants pursuant to 28 U.S.C. § 1367(a), which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

13.     Venue is proper in this district under 28 U.S.C. § 2104(a)(5), since the violation of the WARN Act alleged herein took place in this District and specifically in Trumbull County, Ohio.

14.     Venue of Plaintiff's, and the Class's, supplemental State Law and ERISA causes of action is also proper pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2) because: (a) Defendants are authorized to conduct business in this District and have intentionally availed themselves to the laws and markets within this District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## FACTS RELATED TO THE NAMED PLAINTIFF.

15.     Plaintiff was employed by Defendants, as a single employer, at the Hillside Facility until his layoff without cause on or about March 28, 2025.

16.     At the time of his termination, Plaintiff McCullough was entitled to payment for accrued vacation time for which he has not been paid.

17.     Plaintiff McCullough participated in Defendants' offered health insurance (hereinafter "Health Plan"). Defendants withdrew contributions to the Health Plan from Plaintiff McCullough's compensation.

18.     Plaintiff McCullough was notified that his health insurance terminated on March 31, 2025.

19.     Upon information and belief, Defendants are withholding Plaintiff McCullough's contributions to the Health Plan and have not returned them.

20.     On or about March 28, 2025, and thereafter, Defendants ordered termination of Plaintiff's employment, along with the termination of at least 100 other employees who worked at or reported to the Defendants' Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act. Defendants failed to give employees 60 days advance written notice required by the WARN Act.

21.     Defendants claimed that employees were temporarily being "furloughed" and would remain on the payroll to receive accrued vacation time. However, Defendants' have failed to pay Plaintiff and the Class for accrued vacation time and at least 3 weeks' worth of wages prior to terminating their employment.

22.     Further, based on information and belief, Defendants' failure to give notice under the WARN Act is not excusable under any statutory exceptions to the WARN Act's requirements.

23.     On or before March 31, 2025, the Defendants issued a notice that all Health Plan benefits were terminated on March 31, 2025.

24.     Upon information and belief, Defendants failed to use funds deducted from the Plaintiff's and the Class's pay which were intended to be contributions to the Health Plan and have also failed to return those deductions to Plaintiff and the Class.

## CLASS-ACTION ALLEGATIONS – 29 U.S.C. §2104(a)(5).

25.     Plaintiff restates and re-alleges Paragraphs 1 through 24 of the Complaint as if fully rewritten herein.

26.     Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendants who worked at or reported to Defendants' Facilities and were terminated without cause on or about March 28, 2025 and within 30 days of that date, or as the

reasonably foreseeable consequence of the mass layoff and/or plant closings ordered by Defendants on March 28, 2025, pursuant to 29 U.S.C. § 2104(a)(5).

27.     Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

28.     The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

29.      Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

30.     Prior to their termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

31.     Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

**CLASS-ACTION ALLEGATIONS RULE 23**

32.     Plaintiff restates and re-alleges Paragraphs 1 through 31 of the Complaint as if fully rewritten herein.

33.     This action is brought and may be maintained as a class action according to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff and all employees who worked at or reported to Defendants' Facilities and were terminated without cause on or about March 28, 2025, were terminated without cause within 30 days of March 28, 2025, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closings ordered by

6

Defendants on or about March 28, 2025, and who are affected employees within the meaning of 29 U.S.C. §2101(a)(5) (the "Class").

34.     Plaintiff reserves the right to amend this class definition or bring appropriate subclasses if necessary.

35.     Plaintiff is part of the class he seeks to represent. He possesses the same interest as the absent Class members and has suffered the same injury.

36.     The proposed Class members are so numerous that joinder of all Class members is impracticable.

37.     While Plaintiff does not know the exact number of Class members (as such information is in the exclusive control of Defendants) Plaintiff believes the Class encompasses at least 100 employees.

38.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions of law and fact that affect the Class members include, but are not limited to:

a.  whether Class members were employees of Defendants who worked at or reported to Defendants' Facilities;

b.  whether Defendants, as a single employer, terminated the employment of Class members without cause on their part and without giving them 60 days advance written notice;

c.  whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act;

d.  whether Defendants may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" exceptions as defenses for Defendants' breach of the WARN Act;

e.  whether Defendants failed to remit funds from Class members' compensation to the Health Plan;

f.  whether Plaintiff and Class members are entitled to compensation for accrued vacation time, unreimbursed expenses, and health contributions collected by Defendants;

     g.   whether the Court should grant injunctive relief to Class members to prevent the Defendants from dissolving their entities and dissipating any assets;

     h.   whether the Plaintiff and Class members are entitled to punitive damages for Defendants' unlawful conduct; and

     i.   whether Plaintiff and the Class members sustained damages and the proper measure of damages.

39.     The claims and defenses of the named Plaintiff are typical of the claims and defenses of Class members.

40.     Plaintiff will fairly and adequately represent and protect the interests of the Class members.

41.     Plaintiff has retained competent counsel with experience in class-action litigation. Plaintiff has no interests that are contrary to, or in conflict with, those of the Class that Plaintiff seeks to represent.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual Plaintiff and Class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants. There will be no difficulty in the management of this action as a class action.

43.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law would go unremedied.

44.     Class certification is proper under Rule 23(a) and (b).

## COUNT I
## CLAIM FOR RELIEF UNDER THE WARN ACT AGAINST DEFENDANTS

45.     Plaintiff restates and re-alleges Paragraphs 1 through 44 of the Complaint as if fully rewritten herein.

46.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

47.     At all relevant times, Defendants were an "employer" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639.3(a), continued to operate as a business until it decided to order a mass layoff or plant closing at Defendants' Facilities.

48.     The Defendants constituted a "single employer" of the Plaintiff and the Class members under the WARN Act, in that, among other things:

1.  **Common Ownership:** Upon information and belief, at all relevant times, Insight Hillside and Insight Trumbull were, wholly owned, directly or indirectly, by Firdaus Foundation.

2.  **Common Directors and Officers**

    *(a)*     Upon information and belief, at all relevant times, Insight Hillside and Insight Trumbull are controlled and managed by Dr. Jawad Shah, the President, Treasurer, Secretary, and Director of the Firdaus Foundation.

    *(b)*     Upon information and belief, all executive positions at Insight Hillside and Insight Trumbull were controlled by the Firdaus Foundation and Dr. Shah.

    *(c)*     Dr. Shah is currently assuming the role of President at Insight Hillside and Insight Trumbull.

    *(d)*     Ali Madha, a Firdaus Foundation's Director, is currently acting as "Interim COO" of Insight Hillside and Insight Trumbull.

3.  **Dependency of Operations**

    *(e)*     Upon information and belief, at all relevant times, Insight Hillside and Insight Trumbull were completely dependent on the Firdaus Foundation for daily operating funds which were provided either directly by the Firdaus Foundation or through financing arranged by the

Firdaus Foundation.

### 4.  **Unity of Personnel Policies**

(f)  Upon information and belief, at all relevant times, Defendants maintained common personnel policies which were put into place by the Firdaus Foundation including payment of wages.

(g)  Upon information and belief, at all relevant times, payroll for Insight Hillside and Insight Trumbull came from the Firdaus Foundation.

(h)  Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by the Firdaus Foundation on behalf of, and to benefit, each of the Defendants.

### 5.  **De Facto Control**

(i)  Upon information and belief, at all relevant times, the Firdaus Foundation maintained sole control over all critical business decisions made on behalf of Insight Hillside and Insight Trumbull, including decisions relating to Plaintiff's and the Class's employment and specifically, the decision to shut down the Facilities without providing WARN notice.

(j)  Ali Madha wrote in letter to employees at Insight Hillside and Insight Trumbull that the Defendants knew they would be unable to meet payroll since at least March 21, 2025.

(k)  Upon information and belief, at all relevant times, all management-level personnel hiring and firing at Insight Trumbull and Insight Hillside were conducted by the Firdaus Foundation.

(l)  Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by the Firdaus Foundation on behalf of Insight Hillside and Insight Trumbull as a single employer.

49.     On or about March 28, 2025, the Defendants ordered a mass layoff, plant closing, or termination at the Facilities, as those terms are defined by 29 U.S.C. §2101(a)(2) and (3).

50.     The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a) for at least 50 of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

51.     The Plaintiff and the Class members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

52.     The Plaintiff and the Class members are "affected employees" of Defendants, within the meaning of 29 U.S.C. §2101(a)(5) of the WARN Act.

53.     Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

54.     Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

55.     The Plaintiff, and each of the Class members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

56.     Upon information and belief, the Defendants failed to pay the Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

11

57. As a result of Defendants' failure to pay the wages, benefits and other monies described above, the aggrieved employees were damaged in an amount equal to the sum of the Class members' unpaid wages, accrued holiday pay, accrued vacation pay, and benefits which would have been paid for a period of 60 calendar days after the date of the Class members' terminations.

58. The relief sought in this Count is equitable in nature.

## COUNT II
## DEFENDANTS' VIOLATION OF OHIO REVISED CODE SECTION 4113.15

59. Plaintiff restates and re-alleges Paragraphs 1 through 58 of the Complaint as if fully rewritten herein.

Section 4113.15(A) of the Ohio Revised code provides, in pertinent part, that:

> Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month…

Section 4113.15(D)(1) provides, in pertinent part, that:

> "wage" means the net amount of money payable to an employee, including any guaranteed pay or reimbursement for expenses, less any federal, state, or local taxes withheld; any deductions made pursuant to a written agreement for the purpose of providing the employee with any fringe benefits; and any employee authorized deduction.

60. Upon information and belief, Plaintiff and Class members accrued vacation time as part of their compensation with Defendants, which Defendants have failed to pay Plaintiff and Class members.

61. In addition to the foregoing, Section 4113.15(C) of the Ohio Revised Code provides, in pertinent part, that:

> In the absence of a contest, court order or dispute, an employer who is party to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a

trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises. No person shall, without reasonable justification or excuse for such failure, knowingly fail or refuse to pay to the appropriate person, organization, or governmental agency the amount necessary to provide the benefits or accomplish the purpose of any employee authorized deduction, within thirty days after the close of the pay period during which the employee earned or had deducted the amount of money necessary to pay for the fringe benefit or make any employee authorized deduction. A failure or refusal to pay, regardless of the number of employee pay accounts involved, constitutes one offense for the first delinquency of thirty days and a separate offense for each successive delinquency of thirty days.

Section 4113.15.(D)(2) defines "fringe benefits" as follows:

"[f]ringe benefits" includes but is not limited to health, welfare, or retirement benefits, whether paid for entirely by the employer or on the basis of a joint employer-employee contribution, or vacation, separation, or holiday pay.

62.     Upon information and belief, Defendants withdrew contributions for the Health Plan from employee Class members' wages.

63.     However, upon information and belief, Defendants failed to remit withheld Health Plan contributions back to Plaintiff and the Class members, while also cancelling Health Plan coverage for the Plaintiff and the Class members.

64.     There is no contest, court order, dispute, or any other excuse that would justify Defendants' failure to pay the aforementioned wages.

65.     There is no contest, court order, dispute, or any other excuse that would justify Defendants failure' to pay the aforementioned fringe benefit contributions as required.

66.     Pursuant to Section 4113.15(C) of the Ohio Revised Code, Defendants have become the trustee of any and all monies due to Class members for unpaid wages and/or fringe benefits owed and unlawfully withheld.

67.     Pursuant to 4113.15(B), due to Defendants' failure to pay Class members for unpaid wages and/or fringe benefits owed and unlawfully withheld, Defendants are liable for liquidated damages in the amount due plus 6% or $200, whichever is greater.

### COUNT III
### INSIGHT HILLSIDE, INSIGHT TRUMBULL, AND THE FIRDAUS FOUNDATION ARE ALL ALTER EGOS OF ONE ANOTHER AND ARE JOINTLY AND SEVERALLY LIABLE FOR EACH OTHERS' UNLAWFUL ACTS

68.     Plaintiff restates and re-alleges Paragraphs 1 through 67 of this Complaint as if fully rewritten herein.

69.     Upon information and belief, Insight Hillside, Insight Trumbull, and the Firdaus Foundation have substantially identical management.

70.     Upon information and belief, the Firdaus Foundation's control over Insight Hillside and Insight Trumbull was so complete, that Insight Hillside and Insight Trumbull had no separate mind, will or existence of their own.

71.     Upon information and belief, the Firdaus Foundation exercised control over Insight Hillside and Insight Trumbull in such a manner as to commit fraud, an illegal act, or a similarly unlawful act.

72.     Injury or unjust loss resulted to the Plaintiff and Class members from the control and wrongdoing of the Defendants.

73.     Upon information and belief, Insight Hillside, Insight Trumbull, and the Firdaus Foundation are alter ego entities of one another.

74.     As alter egos of one another, Insight Hillside, Insight Trumbull, and the Firdaus Foundation are jointly and severally liable for all unlawful actions taken by Insight Hillside and Insight Trumbull, including any violations of Ohio Revised Code Section 4113.15.

### COUNT IV
### INJUNCTIVE RELIEF AGAINST DEFENDANTS

14

75.     Plaintiff restates and re-alleges Paragraphs 1 through 74 of this Complaint as if fully rewritten herein.

76.     Plaintiff, on behalf of himself and other Class members, seeks injunctive relief for the purposes of prohibiting Defendants Insight Hillside, Insight Trumbull, and the Firdaus Foundation from dissolving their corporate entities and/or dissipating corporate assets in order to protect Plaintiff's and the Class members' future damages award.

77.     Upon information and belief, Defendants may intend to dissolve their respective corporate entities and liquidate their assets.

78.     Plaintiff and Class members further seek a prospective order from the Court requiring Defendants to cease from dissolving their respective corporate entities – Insight Hillside; Insight Trumbull; and the Firdaus Foundation; and which prohibits any attempts by Defendants to liquidate any and all corporate assets and property.

79.     Plaintiff and Class members seek an equitable award of back wages under the WARN Act and other relief as set forth in the prayer below.

80.     As a result of Defendants' failure to provide notice under the WARN Act as described above, Plaintiff and Class members have suffered, and will continue to suffer, irreparable harm and injury.

81.     Accordingly, Plaintiff and the Class members respectfully ask the Court to enter a preliminary injunction under Fed. R. Civ. P. 65 ordering Defendants to cease and desist attempts to dissolve their corporate entities and/or dissipate corporate assets in order to protect Plaintiff's and the Class members' future damages award.

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class of persons described herein, prays for the following relief as against Defendants, jointly and severally:

a)      An order certifying the proposed Class (and subclasses, if applicable), designating

15

Plaintiff as the class representative, and appointing the undersigned as class counsel;

b)    Payment of reasonable compensation to Plaintiff, as the class representative, for his services as such;

c)    An entry of judgment against Defendants, and in favor of the Plaintiff and Class members equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

d)    The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

e)    A monetary judgment against Defendants in accordance with Section 4113.15(A) of the Ohio Revised Code in favor of the Plaintiff and Class members equal to the sum of all unpaid wages, fringe benefits, and liquidated damages pursuant to Section 4113.15(B) of the Ohio Revised Code;

f)    An order enjoining the Defendants from dissolving their corporate entities and/or dissipating corporate assets;

g)    Alternatively, in the unlikely event Plaintiff cannot meet the requirements of Rule 23(b)(3) for any of the non-WARN claims asserted herein, for an order certifying such liability issues which exist, predominate, and are susceptible to class-wide proof;

h)    Granting such further relief as the Court deems just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury on all allowable claims and issues.

Date: April 1, 2025                    Respectfully Submitted,

                                         /s/ Christina C. Spallina

                                        **DUBYAK NELSON, LLC**
                                        Robert J. Dubyak (0059869)
                                        Christina C. Spallina (0088548)
                                        6105 Parkland Blvd, Suite 230
                                        Mayfield Heights, OH 44124
                                        PH: 216-364-0500 | FX: 216-364-0505
                                        Email: rdubyak@dubyaknelson.com
                                                cspallina@dubyaknelson.com

                                        *Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April 2025, the foregoing is being electronically filed.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Christina C. Spallina
Christina C. Spallina (0088548)