UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID McCULLOUGH** on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : : | Case No. 4:25-cv-00644-BYP JUDGE BENITA Y. PEARSON |
| v. | : : : | |
| **INSIGHT FOUNDATION OF HILLSIDE, INSIGHT FOUNDATION OF TRUMBULL, AND FIRDAUS FOUNDATION**, | : : : : : | |
| Defendants. | : : | |

**AMENDED MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS AND MEMORANDUM IN SUPPORT OF OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; LOCAL 2288, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; LOCAL 2804, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; UNITED NURSES OF AMERICA, LOCAL 2026, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; SERVICE EMPLOYEES INTERNATIONAL UNION DISTRICT 1199; VANESSA G. SATTERTHWAITE; and BILLIE E. FIKE**

KIMM A. MASSENGILL-BERNARDIN (0059292)
MICHELLE R. EVANS (0075124)
Ohio Council 8, AFSCME, AFL-CIO
6800 North High Street
Worthington, Ohio 43085
Tel.: 614-841-1918/Fax: 614-430-7960
kmassengillbernardin@afscme.org
mevans@afscme8.org

Counsel for Proposed Intervenors Ohio Council 8, AFSCME, AFL-CIO; Local 2288, AFSCME, AFL-CIO; Local 2804, AFSCME, AFL-CIO; and United Nurses of America, Local 2026, AFSCME, AFL-CIO; Vanessa G. Satterthwaite; and Billie E. Fike

CATHRINE HARSHMAN (0079373)
Harshman, Wannemacher Tipton & Lipperman
4683 Winterset Drive
Columbus Ohio 43220

Tel.: 614-437-9854
charshman@hcands.com

Counsel for Proposed Intervenors SEIU District 1199, TRMC and SEIU District 1199, NMC

**Motion for Leave To Intervene as Plaintiffs**

Pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B), Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("Ohio Council 8"); Local 2288, American Federation of State, County and Municipal Employees, AFL-CIO ("Local 2288"); Local 2804, American Federation of State, County and Municipal Employees, AFL-CIO ("Local 2804"); United Nurses of America, Local 2026, American Federation of State, County and Municipal Employees, AFL-CIO ("UNA Local 2026"); Service Employees International Union District 1199 ("SEIU District 1199"); Vanessa G. Satterthwaite; and Billie E. Fike hereby move this Court for an order granting Ohio Council 8, Local 2288, Local 2804, UNA Local 2026, SEIU District 1199; Satterthwaite; and Fike permission to intervene this action as of right as plaintiffs or, in the alternative, for permissive intervention. In compliance with Fed. R. Civ. P. 24(c), a proffered Fed. R. Civ. P. 7(a) Complaint accompanies this Motion.

Respectfully submitted,

s/Kimm A. Massengill-Bernardin
KIMM A. MASSENGILL-BERNARDIN (0059292)
MICHELLE R. EVANS (0075124)
Ohio Council 8, AFSCME, AFL-CIO
6800 North High Street
Worthington, Ohio 43085
Tel.: (614) 841-1918/Fax: (614) 430-7960
kmassengillbernardin@afscme.org
mevans@afscme8.org

Counsel for Proposed Intervenors Ohio Council 8, AFSCME, AFL-CIO; Local 2288, AFSCME, AFL-CIO; Local 2804, AFSCME, AFL-CIO; and United Nurses of America, Local 2026, AFSCME, AFL-CIO; Vanessa G. Satterthwaite; and Billie E. Fike

s/ Cathrine Harshman
CATHRINE HARSHMAN (0079373)

Harshman, Wannemacher Tipton & Lipperman
4683 Winterset Drive,
Columbus Ohio 43220
Tel.: 614-437-9854
charshman@hcands.com

Counsel for Proposed Intervenor SEIU District 1199

**Memorandum in Support of Motion for Leave To Intervene**

**I.     Introduction.**

Proposed Intervenors Ohio Council 8, Local 2288, Local 2804, UNA Local 2026, SEIU District 1199 are labor organizations as defined in 29 U.S.C. § 152(5). Proposed Intervenor Vanessa G. Satterthwaite is an employee of Insight who is a member of the bargaining unit that is represented by Ohio Council 8 and Local 2026. Proposed Intervenor Billie E. Fike is an employee of Insight who is a member of the bargaining unit that is represented by Ohio Council 8 and Local 2288. Defendants Insight Foundation of Hillside, Insight Foundation of Trumbull, and Firdaus Foundation ("Insight") are employers as defined in 29 U.S.C. 152(2). Collectively, Proposed Intervenors represent six hundred and thirteen (613) employees of Insight, all of whom are similarly situated to Plaintiff David McCullough and are members of the proposed class of persons described in the Class Action Complaint (Doc #1). All members of Proposed Intervenors' bargaining units that were employed by Insight at its facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; 2580 Elm Road, Cortland, Ohio 44410; and 8747 Squires Lane NE, Warren, Ohio 44484 were terminated without cause as part of, or as the result of the mass layoff/plant closing ordered by Defendants on or about March 28, 2025.

*A.     AFSCME Bargaining Units.*

Ohio Council 8 and its affiliated local unions, Local 2288, Local 2804, and UNA Local 2026 represent three bargaining units of employees of Insight, as follows:

Ohio Council 8 and Local 2804 represent a bargaining unit of employees who are employed at Insight's facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately two-hundred forty-two (242) employees in the classifications Biomedical Technician II, Certified Nursing Assistant, Certified Sterile Prep Technician, Coder I, Cook, Coordinator of Patient Services, Department Secretary, Driver, EKG Technician, Electrician I, Emergency Department Technician, EVS Supervisor, Facilities Coordinator, Food and Service Worker, General Clerk, HIM Tech ROI, Housekeeping, HVAC Technician II, Inpatient Pharmacy Technician Operator, Maintenance Mechanic I, Maintenance

Mechanic II, Monitoring Technician, Operating Room Technician, Patient Access Representative, PCT, Periop Information System Assistant, Pharmacy Technician, Phlebotomist, Receiving Clerk, Receptionist, Scheduler, Support Technician, Transporter II, and Unit Clerk. Ohio Council 8, Local 2804, and Steward Health Care were parties to a collective bargaining agreement ("CBA") establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

Ohio Council 8 and UNA Local 2026 represent a bargaining unit of employees who are employed at Insight's facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred eight-five (185) employees in the classifications ER Case Manager, Nursing Educator, Resource Nurse, RN Charge Nurse, RN Level I, and RN Navigator. Ohio Council 8, UNA, and Steward Health Care were parties to a CBA establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

Ohio Council 8 and Local 2288 represent a bargaining unit of employees who are employed at Insight's facilities at 8747 Squires Lane NE, Warren, Ohio 44484, including a total of approximately fifty-nine (59) employees in the classifications Administrative Assistant II, Admitting Lead, Certified Nursing Assistant, Cook, Department Secretary, Food and Service Worker, HIM Technician, Housekeeping, Inpatient Pharmacy Technician Operator, Laboratory Technician, Laundry Worker, LPN I, Maintenance Mechanic II, Occupational Therapy Assistant Certified, Pharmacy Technician, Physical Therapy Assistant, Radiology Technician, Receptionist, Respiratory Therapist Certified, Therapy Staff Support, and Transporter II. Ohio Council 8, Local 2288, and Steward Health Care were parties to a CBA establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

### B. *SEIU Bargaining Units*.

SEIU District 1199 represents five (5) bargaining units of employees of Insight who are employed at Insight's facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown,

Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred thirty-four (145) employees in the classifications Mammography Technician, Cardiovascular Radiology, Exercise Physiologist, Exercise Technician Lead, Ultrasound Technologist, Social Worker, Registered Dietician, CT Technician, PC Technician, Clinical Lab Assistant I, Histotechnologist, Pathology Assistant, Driver, Laboratory Technician, Medical Technologist, Technical Reference Lab Specialist, LPN I, MRI Technician, Nuclear Medical Technician, COTA, Occupational Therapist, Financial Counselor, Lead Cash Applications, Pharmacist, Physical Therapist, Physical Therapy Assistant, Activities Therapist, Radiation Therapist, Lead Radiation Therapist, Multi-Modality Technician Lead, Multi-Modality Technician, Respiratory Therapist Registered, Radiology Technician, Lead Trainer, Respiratory Therapist License Permit, Respiratory Therapist Registered, Sleep Lab Technician, Speech Pathologist, Mailroom Clerk, Telecom Operator, and Ultrasound Technologist, Histotechnologist, Medical Technologist, and Clerk Coordinator. SEIU District 1199 and Steward Health Care were parties to two CBAs establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBAs have been adopted by Insight.

## II.     This Motion Is Timely.

Proposed Intervenors Ohio Council 8, Local 2288, Local 2804, UNA Local 2026, SEIU District 1199, Satterthwaite, and Fike are requesting to intervene as a respondent as of right pursuant to Fed. R. Civ. P. 24(a)(2), or, in the alternative, as a permissive intervenor pursuant to Fed. R. Civ. P. 24(b)(1)(B). Both provisions require that the application to intervene be submitted timely. Fed. R. Civ. P. 24(a); 24(b)(1); 24(b)(3). This Motion meets that threshold requirement.

> . . . [D]istrict courts must consider "all relevant circumstances" of a case to determine whether a motion is timely, including: (1) the stage of the proceedings; (2) the purpose for the intervention; (3) the length of time that the movant knew or should've known of its interest in the case; (4) the prejudice to the original parties; and (5) any unusual circumstances militating for or against intervention.

*United States v. Michigan*, 68 F.4th 1021, 1024-25 (6th Cir. 2023) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990)).

-3-

### A. *This Motion Is Being Filed at the Nascent Stage of Litigation.*

The first factor to consider is the stage of the proceedings that intervention is sought. *Id*. Plaintiff McCullough initiated this action on April 1, 2025 with the filing of his Class Action Complaint and Jury Demand. (Doc. #1.) Summons was issued to Defendants on or around April 2, 2025. (Doc. #3.) Pursuant to Fed. R. Civ. P. 12(a), if service has not been waived, Defendants' responsive pleading is due April 23, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i). The proposed intervening labor organizations learned of the Class Action Complaint on April 2, 2025. This Motion for Leave To Intervene is being filed within five (5) days of Proposed Intervenors Unions' knowledge of the filing of the Class Action Complaint and well before the deadline for the filing of a responsive pleading. *Id. Cf. Michigan*, *supra*, at 1025 (affirming denial of motion to intervene that was filed when the "'finish line' . . . was fast approaching") (citation omitted); *In re Automotive Parts Antitrust Litigation*, 33 F.4th 894, 897 (6th Cir. 2022) (affirming denial of motion to intervene that was filed more than "eight years of motion practice, negotiations, approval hearings, . . . objections," and the district court's approval of settlement agreements). The factor that considers the stage of the proceedings "weights against intervention when movants request party status during the final stages of litigation." *Michigan*, *supra*, at 1025 (citing *United States v. Tennessee*, 260 F.3d 587, 592-93 (6th Cir. 2001)). This Motion is being filed only days after the commencement of this action and well before Defendants' responsive pleading is due. Accordingly, Proposed Intervenors' Motion To Intervene is timely.

### B. *Proposed Intervenors Have a Legitimate Interest in This Action and Are Filing This Motion Promptly To Protect Their Interests*.

The second factor to consider is the purpose of the intervention. *Michigan*, *supra*, at 1024. "Our cases approach this factor in two 'somewhat inconsistent' ways, either by: (1) 'peek[ing] behind the timeliness curtain at the legitimacy of the intervenors' purported interest,' or (2) analyzing 'whether the would-be intervenors acted promptly in light of their stated purposes." *Id*. at 1025 (citation omitted).

With respect to either of the two approaches, Proposed Intervenors have timely submitted their Motion To Intervene. First, Proposed Intervenors have legitimate interests that support their intervention. As reflected in the affidavits submitted in support of this Motion, Ohio Council 8 and its affiliated local

unions and SEIU District 1199 are all labor organizations that represent five separate bargaining units of employees of Insight. Together, Proposed Intervenor Unions represent six hundred and thirteen (613) employees of Defendants Insight. All of those employees, including Proposed Intervenors Satterthwaite and Fike, were laid off effective on or around March 28, 2025. All of those employees, including Satterthwaite and Fike, had their healthcare coverage terminated effective April 1, 2025. All of those employees, including Satterthwaite and Fike, are also beneficiaries to collective bargaining agreements that have been in effect for each respective bargaining unit at all times relevant to this matter, and which set forth their terms and conditions of employment. Although the bargaining unit members that are represented by Proposed Intervenors are members of the proposed class that has been brought by Plaintiff David McCullough, their wages, hours, and terms and conditions of employment differ from McCullough's. Moreover, Proposed Intervening Unions, as the exclusive representatives of bargaining unit employees, have a duty to represent bargaining unit employees that are affected by this action; are the parties to CBAs that set out the terms of employment for bargaining unit employees; and have independent claims alleging Defendants' violation of the WARN Act. 29 U.S.C. § 2102(a)(1); 29 U.S.C. § 2104(a)(5); *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544 (1996). The Sixth Circuit Court of Appeals has recognized that the risk of impairment of a labor organization's collective bargaining rights is a "substantial" purpose for intervention. *U.S. v. City of Detroit*, 712 F.3d 925, 931 (6th Cir. 2013). Such is the case here: while Plaintiff McCullough, as an Insight employee who has been laid off and otherwise aggrieved by the conduct of Insight as members of Proposed Intervenors bargaining units have been, McCullough is not a member of any of Proposed Intervenors bargaining units. Proposed Intervening Unions' interests in intervening are not only to ensure that any potential remedy does not conflict with any of the applicable CBAs or other collective bargaining rights, but to assert independent claims that they have as the exclusive representatives of bargaining unit employees.

With respect to the second approach when considering the purpose of intervention, 'whether the would-be intervenors acted promptly in light of their stated purposes", Proposed Intervenors are submitting this Motion promptly after learning of the filing of this Class Action and, again, well before Defendants'

responsive pleading is due. *Michigan*, *supra*, at 1025 (citation omitted). Accordingly, considering the second factor of the purpose of intervention, Proposed Intervenors' Motion is timely.

    C. *Proposed Intervenors Are Filing This Motion Shortly After Learning of the Action.*

The third factor looks to the amount of time that has passed between the time that proposed intervenors knew or should have known of their interest in the case: "if parties take a 'wait-and-see' approach to intervention, they lose on timeliness." *Id.* at 1028 (citing *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 & n.3 (6th Cir. 1982); *In re Auto Parts*, 33 F.4th at 904). The instant Motion is being filed only five (5) days after Proposed Intervening Unions learned of this action. Proposed Intervenors are not waiting to see what happens with this action; they seek to intervene at the onset of this action, and their Motion To Intervene is timely.

    D. *Granting This Motion Will Not Prejudice the Original Parties*.

The fourth factor to be considered when determining the timeliness of a motion to intervene is whether intervention will prejudice the original parties to the action. The "prejudice that the timeliness inquiry seeks to prevent [is] that of a 'tardy intervenor from derailing a lawsuit within sight of the terminal.'" *Id.* at 1028 (quoting *United States v. BASF-Inmont Corp.*, 52 F.3d 326 (6th Cir. 1995). Again, Proposed Intervenors have not waited to file this Motion, and granting this Motion, which has been filed at the outset of this action, will not derail the action. Accordingly, this Motion is timely, and granting Unions status as Intervening Plaintiffs is warranted.

    E. *The Circumstances of This Action Warrant the Intervention of the Unions*.

The fourth factor to be considered when determining the timeliness of a motion to intervene is whether unusual circumstances militate for or against intervention. *Id.* at 1024-25. The circumstances of this case militate for intervention, because, while members of the bargaining units that are represented by Proposed Intervening Unions are members of the proposed class and are similarly situated to Plaintiff McCullough, their employment with Insight is distinguishable, because McCullough is not a member of any of the bargaining units that are represented by the labor organizations. Unlike McCullough, bargaining unit employees' wages, hours, and terms and conditions of employment are set forth in their respective

CBAs. In addition, as labor organizations that are the exclusive representatives of bargaining unit employees, Proposed Intervening Unions have interests that are related to but independent of the interests of employees who have been laid off, including interests in ensuring the collective bargaining rights of all affected bargaining unit employees are not impaired, as well as ensuring the enforcement of Proposed Intervenors' independent rights under the WARN Act. These independent interests will not be represented by Plaintiff McCullough, who does not and cannot represent the interests of the labor organizations that have been impacted by the conduct of Defendants in this matter.

As all five factors to be considered when determining intervention militate toward intervention, this Motion is timely, and AFSCME, SEIU, Satterthwaite, and Fike are entitled to intervene as plaintiffs.

### III. Proposed Intervenors Claim Interests to the Property or Transaction That Is the Subject of This Action, the Disposition of This Action May Impair or Impede Proposed Intervenors' Interests, and Proposed Intervenors' Interests Are Not Adequately Represented by Existing Parties.

Pursuant to Fed. R. Civ. P. 24(a)(2), intervention as of right must be granted when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

To warrant intervention as of right, a movant must establish that it has a "substantial interest" in the subject matter of the litigation. *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 771 (6th Cir. 2022). "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Each of the Proposed Intervening Unions is a party to a CBA that has been adopted by Insight and that sets forth wages, hours, and terms and conditions of employment with respect to the bargaining unit employees it covers. Each of the Proposed Intervening Unions is a labor organization and is the exclusive representative of its respective bargaining unit of employees of Insight. Each of the Proposed Intervening Unions has collective bargaining obligations and rights that are independent of the claims that have been asserted in this action. *See* 29 U.S.C. § 158. Proposed Intervenors Satterthwaite and Fike, as well as those who are similarly situated, are

members of the bargaining units that are represented by the ProposedIn addition, each of the Proposed Intervening Unions, as the representatives of their respective bargaining unit of employees, is entitled to notice of a plant closing or mass layoff and has an independent cause of action under the WARN Act for violations of the notice provisions of that Act. 29 U.S.C. § 2102(a)(1); 29 U.S.C. § 2104(a)(5); *United Food & Commercial Workers Union Local 751*, *supra*. Indeed, at all times relevant to this action, Proposed Intervening Unions have been claimants/creditors in the bankruptcy proceedings that led to Insight's acquisition of the facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; 2580 Elm Road, Cortland, Ohio 44410; and 8747 Squires Lane NE, Warren, Ohio 44484. *In re Steward Healthcare Sys. LLC*, U.S. Bankruptcy Ct. S.D. Texas Case No. 24-90213; *see* https://restructuring.ra.kroll.com/Steward/Home-ClaimInfo (last accessed Apr. 4, 2025) (listing creditors, including Ohio Council 8 and SEIU). At all times after Insight's acquisition of the facilities, Insight has recognized Proposed Intervening Unions as the exclusive representatives of bargaining unit employees, adopted the terms of the CBAs that apply to bargaining unit employees, and provided notice (albeit it untimely and inadequate) to Ohio Council 8 and SEIU of the "diversion of operations" at the Insight facilities, resulting in the termination of bargaining unit employees and Insight's announcement that the employees' healthcare coverage and life insurance benefits would continue only through to the end of the month that layoffs began (i.e., March 2025). Proposed Intervening Unions, through their elected and professional representatives, continue to meet with representatives with Insight in an effort to obtain whatever information they can to determine whether bargaining unit employees will receive full pay for hours worked, healthcare and other fringe benefits, and the prospect of reemployment with Insight. *See* Affidavit of R. Sean Grayson, President of Ohio Council 8, AFSCME, AFL-CIO, attached.

Proposed Intervenors have substantial interests in this matter—to ensure their collective bargaining and other rights of the other almost six hundred thirteen (613) bargaining unit employees are represented; to ensure the CBAs that set out the wages, hours and terms and conditions of employment are not impaired

by this action; and to assert the independent claims of the labor organizations to ensure enforcement of the WARN Act on behalf of Proposed Intervenors and their members.

Finally, intervention as of right must be granted where existing parties do not adequately represent the absentee party's interest. Fed. R. Civ. P. 24(a)(2). "Where 'the absentee's interest is similar to, but not identical with, that of one of the parties,' that normally is not enough to trigger a presumption of adequate representation." *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 197 (2022) (citation omitted).

> "The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest." 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1908.2 (3d ed. April 2022 Update). . . . "This court has already acknowledged that potential stare decisis effects can be a sufficient basis for finding an impairment of interest." *Mich. State AFL-CIO*, 103 F.3d at 1247."

*Wineries of the Old Mission Peninsula Ass'n*, *supra*, at 774. "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Vasandani v. Dublin Green Condo. Owners' Ass'n, Inc.*, No. 2:14-CV-0059, 2014 WL 2695499, at *3 (S.D. Ohio June 13, 2014).

While Satterthwaite, Fike, and the bargaining unit employees that are represented by Proposed Intervening Unions are similarly situated to Plaintiff McCullough, the intervention of the labor organizations that represent the six hundred thirteen (613) bargaining unit employees affected by this action and Satterthwaite and Fike and other bargaining unit employees similarly situated, is required. As noted above, Plaintiff McCullough is not a member of any bargaining unit and, thus, cannot adequately represent the collective bargaining rights of bargaining unit employees and cannot assert the collective bargaining rights or independent WARN Act claims that may be brought by Proposed Intervenors. And while bargaining unit employees are members of the proposed class, and are beneficiaries of the CBAs that have been adopted by Insight, it is the Proposed Intervening Unions and not bargaining unit employees who are the parties to the CBAs and who have an obligation and independent right to enforce bargaining unit employees' collective bargaining rights and CBAs and to ensure that any disposition in this action does not

impair those collective bargaining rights or CBAs. As all of the conditions for Proposed Intervenors to intervene as of right as plaintiffs in this action, this Motion must be granted. Fed. R. Civ. P. 24(a)(2).

**IV.** **Proposed Intervenors' Claims in This Matter Have Questions of Law and Fact in Common with the Main Action, and Ohio Council 8's Intervention Will Not Unduly Delay or Prejudice the Rights of the Original Parties.**

Pursuant to Fed. R. Civ. P. 24(b)(1)(B), anyone may be permitted to intervene in an action when the movant's "claim or defense shares with the main action a common question of law or fact." *Id*. "This provision plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940). *See also Chapman v. Tristar Prods.*, Case Nos. 1:16-CV-1114, 1:17-CV-2298, 2018 WL 4203533 (N.D. Ohio Sept. 4, 2018).

The proffered complaint attached to this Motion sets forth the additional claims that, first, pursuant to 29 U.S.C. § 2102(a), Proposed Intervenors were entitled to timely and adequate notice of the plant closing or mass layoff at issue in this case; and that bargaining unit employees represented by Proposed Intervenors, including Satterthwaite and Fike, and similarly situated employees are entitled to minimum wage and overtime compensation pursuant to Ohio Rev. Code §§ 4111.02 and 4111.10.

The first claim relates to the WARN Act claims alleged in Count I of the Class Action Complaint (Doc #1). The notice that is required to be provided under the WARN Act must be provided "to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee". 29 U.S.C. § 2102(a)(1). Thus, the claim that Proposed Intervening Unions proffer has a common issue of law—whether timely and adequate notice was provided to the representatives of affected employees (Proposed Intervening Unions) as well as to the affected employees that are not represented in a bargaining unit (such as Plaintiff McCullough and Proposed Intervenors Satterthwaite and Fike). Proposed Intervenors have standing to bring this claim pursuant to 29 U.S.C. § 2102(a)(1) and 29 U.S.C. § 2104(a)(5). *See also United Food & Commercial Workers Union Local 751*, *supra*. Moreover, Proposed Intervenors' WARN Act claim shares facts with the claim alleged by Plaintiff McCullough: Proposed Intervening Unions in fact received notices (albeit untimely and

otherwise insufficient) from Insight with respect to the plant closing/mass layoff, Proposed Intervening Unions' bargaining unit employees have suffered loss of compensation and threatened cessation of healthcare and other benefits, and Proposed Intervening Unions' have continued to meet with representatives of Defendants Insight to discuss the reasons for the terminations of employment and the effects of the terminations on bargaining unit employees.

The second claim asserted by Proposed Intervenors Satterthwaite and Fike alleges Defendants Insight's violation of Ohio's minimum wage and overtime compensation statutes, Ohio Rev. Code §§ 4111.02 and 4111.10. While these are independent legal claims, they share facts in common with the claims brought by Plaintiff McCullough in Count II of the Class Action Complaint, alleging Defendants Insight's violation of Ohio's Prompt Payment statute, Ohio Rev. Code § 4113.15. Both Proposed Intervenors' claims brought under Ohio Revised Code Chapter 4111 and Plaintiff McCullough's claim under the Prompt Payment statute require the factfinder in this case to consider the hours worked by affected employees and the amount and time of the payment of the wages for those hours of work. Accordingly, the claims asserted by Proposed Intervenors in their proffered complaint share common questions of law and facts.

The last consideration to determine whether permissive intervention is appropriate is whether granting intervention "will unduly delay or prejudice the adjudication of the original parties' rights". Fed. R. Civ. P. 24(b)(3). Again, granting this Motion does not risk undue delay or the prejudice of the existing parties: this Motion is being filed five days after Proposed Intervenors learned of the existence of this suit and only six days after it was commenced. Granting intervention to the labor organizations and bargaining unit employees Satterthwaite and Fike at this early stage will not prejudice the existing parties, including Defendants Insight, who has not yet filed a responsive pleading and has adequate time at the early stages of this action to assert any defenses to Proposed Intervenors' claims.

**V.     Conclusion.**

As the exclusive representatives of six hundred thirteen (613) employees of Insight, and as bargaining unit members who have been laid off, suffered delayed or insufficient payments, and have been

notified of the termination of their healthcare and other fringe benefits, Proposed Intervenors have a substantial interest in this action. Proposed Intervenors have submitted this Motion promptly to ensure that the interests of Proposed Intervenors and the bargaining unit employees that they represent are adequately represented in this action.

For the reasons set forth in this Motion, Proposed Intervenors respectfully request to intervene as plaintiffs as of right pursuant to Fed. R. Civ. P. 24(a)(2). In the alternative, should the Court determine that the factors for intervention as of right have not been met, Proposed Intervenors respectfully request that they be permitted to intervene as plaintiffs pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Respectfully submitted,

s/Kimm A. Massengill-Bernardin
KIMM A. MASSENGILL-BERNARDIN (0059292)
General Counsel
MICHELLE R. EVANS (0075124)
Associate General Counsel
Ohio Council 8, AFSCME, AFL-CIO
6800 North High Street
Worthington, Ohio 43085
Tel.: (614) 841-1918/Fax: (614) 430-7960
kmassengillbernardin@afscme.org
mevans@afscme8.org

Counsel for Proposed Intervenors Ohio Council 8, AFSCME, AFL-CIO; Local 2288, AFSCME, AFL-CIO; Local 2804, AFSCME, AFL-CIO; United Nurses of America, Local 2026, AFSCME, AFL-CIO; Satterthwaite; and Fike

s/Cathrine Harshman
CATHRINE HARSHMAN (0079373)
Harshman, Wannemacher Tipton & Lipperman
4683 Winterset Drive,
Columbus Ohio 43220
Tel.: 614-437-9854
charshman@hcands.com

Counsel for Proposed Intervenor SEIU District 1199

**Certificate of Service**

    The undersigned certifies that this Amended Motion for Leave To Intervene as Plaintiffs and Memorandum in Support has been electronically filed with the U.S. District Court Northern District of Ohio this 7th day of April, 2025 and has been emailed and mailed via regular U.S. mail to Robert J. Dubyak and Christina C. Spallina, Counsel for Plaintiff McCullough, 610 Parkland Blvd., Suite 230, Mayfield Heights, OH 44124, rdubyak@dubyaknelson.com, cspallina@dubyaknelson.com; Baseer Tajuddin, General Counsel, Insight Management, 135 E. Market St., Warren, OH 44483, baseer.tajuddin@iinn.com; Nadir Ijaz, Director, Firdaus Foundation, 4800 S. Saginaw St., Ste. 1800, Flint, MI 48507, nadir.ijaz@iinn.com.

                                            s/ Kimm A. Massengill-Bernardin
                                            Kimm A. Massengill-Bernardin