# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID McCULLOUGH**, on behalf of<br>himself and all others similarly situated,<br>10010 Kennedy Ledge Road,<br>Garrettsville, Ohio 44231,<br><br>and<br><br>**OHIO COUNCIL 8**, American Federation<br>of State, County and Municipal Employees,<br>**AFL-CIO;  and its LOCAL 2288,**American<br>**Federation of State, County, and Municipal**<br>**Employees; and its LOCAL 2804, American**<br>**Federation of State, County and Municipal**<br>**Employees, AFL-CIO; and its UNA LOCAL**<br>**2026, American Federation of State, County**<br>**and Municipal Employees, AFL-CIO**,<br>on behalf of themselves and all of their<br>bargaining unit members,<br>6800 North High Street,<br>Worthington, Ohio 43085,<br><br>and<br><br>**VANESSA G. SATTERTHWAITE**, on behalf<br>of herself and all others similarly situated,<br>705 Fifth Street,<br>Niles, Ohio 44446,<br><br>And<br><br>**BILLIE E. FIKE,** on behalf<br>of herself and all others similarly situated,<br>7996 Mines Road, SE,<br>Warrant, Ohio 44484,<br><br>and<br><br>**SERVICE EMPLOYEES INTERNATIONAL**<br>**UNION, District 1199 WV/OH/KY**,<br>on behalf of themselves and all of their<br>bargaining unit members, | : : : : : : : : : : : : : : : : : : : : : : **:** : : | **CLASS ACTION COMPLAINT**<br>**and JURY DEMAND**<br>**Case No. 4:25-cv-0644**<br>**Judge:  BONITA Y. PEARSON** |

-1-

1395 Dublin Road,
Columbus, OH 43215,                                    :

        Intervenors/Plaintiffs,              :

     v.                                               :

**INSIGHT FOUNDATION OF HILLSIDE**,      :
1350 East Market Street,
Warrant, Ohio 44483,                                   :

and                                                            :

**INSIGHT FOUNDATION OF TRUMBULL**,    :
1350 East Market Street,
Warren, Ohio 44483,                                    :

and                                                            :

**FIRDAUS FOUNDATION,**                         :
4800 S. Saginaw Street, Suite 1800,
Flint, Michigan 48507,                                   :

        Defendants.                        :

## INTRODUCTION

1.   Intervenors/Plaintiffs Ohio Council 8 ("Ohio Council 8"), American Federation of State, County and Municipal Employees AFL-CIO and its Locals 2288, 2804, and 2026 (when jointly referenced, Ohio Council 8 and its locals will be "AFSCME");  and Service Employees International Union, District 1199 WV/OH/KY("SEIU") (when jointly referenced, AFSCME and SEIU will be referenced as "Unions" or "Intervenors/Plaintiffs") file this Complaint as part of the Unions' Motion to Intervene as Plaintiffs in the instant case on behalf of themselves as labor organizations and exclusive representatives under the National Labor Relations Act ("NLRA"), and on behalf of all of their bargaining unit members who are employees of Insight Foundation of Hillside;  Insight Foundation of Trumbull; and/or Firdaus Foundation (collectively to be

referenced as "Insight" or "Defendants"), and who are similarly situated with other Insight

employees in the class described in McCullough's Complaint, all of whom were terminated

and/or laid off from their employment with Insight on or about March 28, 2025, as the result of a

mass layoff, or in the alternative a plant closing, ordered by Insight unilaterally and without

proper or adequate notice to the Unions or the bargaining unit employees in violation of the

Workers Adjustment and Retraining Act , 29 U.S.C. §§ 2101-2109 ("WARN Act").

2.  The Unions represent bargaining unit employees employed by Insight in ten (10)

different bargaining units of employees described more fully in Paragraph 14.

3.  All bargaining unit employees are similarly situated to Plaintiff David McCullough

("McCullough") and are members of the proposed class of persons described in McCullough's

Class Action Complaint (Doc #1). In addition, all members of the Unions' bargaining units were

employed at one of Insight's facilities located at 1350 East Market Street, Warren, Ohio; 20

Ohltown Road, Austintown, Ohio 44515; 2580 Elm Road, Corland, Ohio 44410;  and 8747

Squires Lane NE, Warren, Ohio 44404.

4.  The bargaining units of employees' individual interests, while similarly situated to

McCullough and the proposed Class' interests, are distinguishable because their wages and terms

and condition of employment are set forth in collective bargaining agreements ("CBAs").

5.  The Unions, on behalf of themselves, their bargaining unit members, and all others

similarly situated, file this action seeking recovery of sixty (60) days of wages and ERISA

benefits, vacation leave accruals, and the reimbursement for all wages, accrued vacation and

holiday pay, and for fringe benefit deductions made by Insight out of employee wages or benefits

not maintained by Insight after the termination and/or layoff of employees.

6.  As claimed by McCullough in his Complaint, the Unions also, on behalf of

themselves and on behalf of all similarly situation bargaining unit employees, seek to enjoin Insight from dissolving its corporate entities and dissipating their assets pending resolution of the claims in this lawsuit.

## PARTIES

7.  Plaintiff McCullough is an individual who resides in the City of Garrettsville, Ohio in Portage County, Ohio, and filed the instant lawsuit. McCullough is not a bargaining unit employee and is not represented by the Unions.

8.  Plaintiff Vanessa G. Satterthwaite is an individual who resides in the City of Niles, Ohio, in Trumbull County, and is seeking to be a Plaintiff and a representative of the proposed Class. Satterthwaite is employed as an RN Level I with Insight at its 1350 East Market Street, Warren, Ohio 44482 location (Insight Hospital and Medical Center Trumbull). Satterthwaite is a member of the Local 2026 bargaining unit.

9.  Plaintiff Billie E. Fike is an individual who resides in the City of Warren, Ohio, in Trumbull County, and is seeking to be a Plaintiff and a representative of the proposed Class. Fike is employed as an Admitting Lead with Insight at its 8747 Squires Lane, Warren, Ohio 44484 location (Insight Foundation of Hillside). Fike is a member of the Local 2288 bargaining unit.

10. Intervenor/Plaintiffs are labor organizations and exclusive representatives under the National Labor Relations Act, 29 U.S.C. §152(5) and §159(a) ("NLRA").

11. Intervenors/Plaintiffs are "representatives" as defined in 20 C.F.R. Part 639.3(d), and 29 U.S. C. § 2101(a)(4) of the WARN Act.

12. While members of the bargaining units that are represented by Intervenors/Plaintiffs are also members of the proposed Class and are similarly situated to McCullough, bargaining unit employees' employment with Insight is distinguishable because McCullough is not a

member of any of the bargaining units that are represented by the Unions. Unlike McCullough, bargaining unit employees' wages, hours, and terms and conditions of employment are set forth in their respective CBAs. In addition, as labor organizations that are the exclusive representatives of these bargaining unit employees, the Unions have interests that are related to but independent of the interests of employees who have been laid off, including the Unions' interests in ensuring the collective bargaining rights of all affected and aggrieved bargaining unit employees are not impaired, as well as ensuring the enforcement of the Unions' independent WARN Act rights. Such bargaining unit employees may be appropriate for a sub-class of the proposed Class.

13. McCullough does not and cannot represent the interests of the labor organizations that have been impacted by the conduct of Insight in this lawsuit.

14. Intervenor/Plaintiff AFSCME and its affiliated local unions, Local 2288, Local 2804, and UNA Local 2026 represent three (3) bargaining units of employees as follows:

> a. Ohio Council 8 and Local 2288 represent a bargaining unit of employees who are employed at Insight's facilities at 8747 Squires Lane NE, Warren, Ohio 44484, which includes a total of approximately fifty-nine (59) employees in the classifications of Administrative Assistant II, Admitting Lead, Certified Nursing Assistant, Cook, Department Secretary, Food and Service Worker, HIM Technician, Housekeeping, Inpatient Pharmacy Technician Operator, Laboratory Technician, Laundry Worker, LPN I, Maintenance Mechanic II, Occupational Therapy Assistant Certified, Pharmacy Technician, Physical Therapy Assistant, Radiology Technician, Receptionist, Respiratory Therapist Certified, Therapy Staff Support, and Transporter II. Ohio Council 8, Local 2288, and Steward Health Care were parties to a collective bargaining agreement ("CBA")

establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

b.   Ohio Council 8 and Local 2804 represent a bargaining unit of employees who are employed at Insight's facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately two-hundred forty-two (242) employees in the classifications Biomedical Technician II, Certified Nursing Assistant, Certified Sterile Prep Technician, Coder I, Cook, Coordinator of Patient Services, Department Secretary,Driver, EKG Technician, Electrician I, Emergency Department Technician, EVS Supervisor, Facilities Coordinator, Food and Service Worker, General Clerk, HIM Tech ROI, Housekeeping, HVAC Technician II, Inpatient Pharmacy Technician Operator, Maintenance Mechanic I, Maintenance Mechanic II, Monitoring Technician, Operating Room Technician, Patient Access Representative, PCT, Periop Information System Assistant, Pharmacy Technician, Phlebotomist, Receiving Clerk, Receptionist, Scheduler, Support Technician, Transporter II, and Unit Clerk. Ohio Council 8, Local 2804, and Steward Health Care were parties to a collective bargaining agreement ("CBA") establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

c.   Ohio Council 8 and UNA Local 2026 represent a bargaining unit of

employees who are employed at Insight's facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred eight-five (185) employees in the classifications ER Case Manager, Lead Case Manager, RN Case Manager, Nursing Educator, Resource Nurse, RN Charge Nurse, RN Level I, and RN Navigator. Ohio Council 8, UNA, and Steward Health Care were parties to a CBA establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

15. Intervenor/Plaintiff SEIU District 1199 and its affiliated local unions represent five (5) bargaining units of employees of Insight who are employed at Insight's facilities at 1350 East Market Street, Warren, Ohio 44482; 20 Ohltown Road, Austintown, Ohio 44515; and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred thirty-four (134) employees in the classifications of Mammography Technician, Cardiovascular Radiology, Exercise Physiologist, Exercise Technician Lead, Ultrasound Technologist, Social Worker, Registered Dietician, CT Technician, PC Technician, Clinical Lab Assistant I, Histotechnologist, Pathology Assistant, Driver, Laboratory Technician, Medical Technologist, Technical Reference Lab Specialist, LPN I, MRI Technician, Nuclear Medical Technician, COTA, Occupational Therapist, Financial Counselor, Lead Cash Applications, Pharmacist, Physical Therapist, Physical Therapy Assistant, Activities Therapist, Radiation Therapist, Lead Radiation Therapist, Multi-Modality Technician Lead, Multi-Modality Technician, Respiratory Therapist Registered, Radiology Technician, Lead Trainer, Respiratory Therapist License Permit, Respiratory Therapist Registered, Sleep Lab Technician, Speech Pathologist, Mailroom Clerk, Telecom Operator, and Ultrasound Technologist. SEIU District 1199 and Steward Health Care were parties to two (2)

CBAs establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by Insight.

16.  At all times relevant to this action, the Unions have been claimants/creditors in the bankruptcy proceedings that led to Insight's acquisition of the facilities at 1350 East Market Street, Warran, Ohio 44482; 20 Ohltown Road, Austintown, Ohio; 2580 Elm Road, Cortland, Ohio 44410; and 8747 Squires Lane NE, Warrant, Ohio 44484. At all times after Insight's acquisition of the facilities, Insight has recognized Intervenors/Plaintiffs as the exclusive representatives of bargaining unit employees, adopted the terms of the CBAs that apply to bargaining unit employees.

17. Intervenor/Plaintiffs adopt and incorporate as if fully rewritten herein, the description of Insight as found in paragraphs 8, 9, and 10 of the Complaint filed by McCullough.

## JURISDICTION and VENUE

18. Intervenors/Plaintiffs adopt and incorporate as if fully rewritten herein, the jurisdictional and venue statements found in paragraphs 11, 12,13, and 14 of McCullough's Complaint.

19. Insight is an employer as defined in 29 U.S.C. § 152(2) of the NLRA.

## FACTS OF INTERVENORS/PLAINTIFFS

20. The Unions' approximately six hundred and thirteen (613) total bargaining unit employees were all employed by Insight at its facilities until on or about March 28, 2025, when Insight notified the Unions that the bargaining unit employees were laid off effective immediately as part of a mass layoff, or in the alternative, a plant closing, as defined by the

WARN Act in Section 2101(2). Insight entitled their notification about this lay-off as a "furlough."

21. Each of the Unions are parties to CBAs that have been adopted by Insight that set forth the wages, hours, terms and conditions of employment with respect to the bargaining unit of employees each CBA covers.

22. Insight failed to provide the sixty (60) day notice to the Unions and/or their Bargaining unit employees as required by the WARN Act pursuant to Section 2102(a).

23. Based on information and belief, Insight's failure to provide the sixty (60) day notice does not meet any of the WARN Act notice exceptions under 29 U.S.C. § 2102(b).

24. In addition, on or about March 28, 2025, Insight notified the Unions' bargaining unit employees that their health insurance terminated on March 31, 2025.

## CLASS-ACTION ALLEGATIONS – 29 U.S.C. §2104(a)(5)

25. Intervenors/Plaintiffs restate and incorporate herein as if fully rewritten Paragraphs 1 through 24 of Intervenors/Plaintiffs' Complaint.

26. This lawsuit is brought by the Union pursuant to WARN Act Sections 2102(a)(1) and 2104(a)(5), and on behalf of the bargaining unit employees the Unions represent as similarly situated employees in the class described in McCullough's Complaint.

27. Intervenors/Plaintiffs adopt and incorporate herein as if fully rewritten Paragraphs 25 through 31 of McCullough's Complaint.

## CLASS ACTION ALLEGATIONS RULE 23

28. Intervenors/Plaintiffs restate and incorporate herein as if fully rewritten Paragraphs 1 through 27.

29. Intervenors/Plaintiffs adopt and incorporate herein as if fully rewritten Paragraphs 32 through 44 of McCullough's Complaint.

30. Intervenors/Plaintiffs, as the designated exclusive labor organizations for the bargaining unit employees, will fairly and adequately represent themselves and their bargaining unit employees pursuant to Fed. Civ. R. 23.2.

## COUNT 1:
## CLAIM FOR RELIEF UNDER THE WARN ACT AGAINST INSIGHT DEFENDANTS

31. Intervenors/Plaintiffs restate and incorporate herein as if fully rewritten Paragraphs 1 through 23 of Intervenors/Plaintiffs Complaint.

32. The bargaining unit employees represented by the Unions, and others similarly situated, were terminated by Insight without cause on their part, without providing adequate and proper notice under the WARN Act Section 2102, and without applicability of any WARN Act notice exceptions.

33. The bargaining unit employees represented by the Unions, and others similarly situated, are "affected employees" of Insight pursuant to Section 2101(a)(5) of the WARN Act.

34. The bargaining unit employees represented by the Unions, and others similarly situated, are "aggrieved employees" pursuant to Section 2104(a)(7) of the WARN Act.

35. Upon information and belief, Insight has failed to pay the bargaining unit employees represented by the Unions, and others similarly situated, wages, bonuses, vacation accrual time, and holiday accrual time for sixty (60) days after their employment ceased as the result of the mass lay-off, or in the alternative plant closing, by Insight.

36. Insight failed to give proper and adequate written notice to the Unions representing

the bargaining unit employees, or to the bargaining unit employees themselves and others similarly situated, that was in compliance with the WARN Act.

**COUNT I**
**CLAIM FOR RELIEF UNDER THE WARN ACT AGAINST INSIGHT**

37. Intervenors/Plaintiffs restate and fully incorporate herein Paragraphs 1 through 29 of Intervenors/Plaintiffs Complaint.

38. Intervenors/Plaintiffs adopt and fully incorporate herein Paragraphs 45 through 58 of McCullough's Complaint based upon information and belief.

39. Insight terminated the bargaining unit employees and other similarly situated class Members, without cause as part of a mass lay-off or in the alternative, a plant closing, without providing adequate and proper notice under the WARN Act Section 2102, and without applicability of any WARN Act notice exceptions.

40. The bargaining unit employees were "aggrieved employees" under Section 2104(7), and are "affected employees' under Section 2101(a)(5) of the WARN Act.

41. Upon information and belief, Insight failed to pay bargaining unit employees and other similarly situated employees in the proposed member Class, the wages, bonuses, and accrued vacation and holiday pay, for the sixty (60) days following their termination/lay-off.  In addition, Insight failed to make pension and 401k contributions, and cancelled the class employees' health insurance effective March 31, 2025, thus failing to pay for the Class employees' medical expenses and other ERISA benefits for the required sixty (60) days after termination/lay-off.

## COUNT II
## INSIGHT'S VIOLATION OF OHIO REVISED CODE SECTION 4113.15

42. Intervenors/Plaintiffs restate and fully incorporate herein Paragraphs 1 through 41 of Intervenors/Plaintiffs Complaint.

43. Intervenors/Plaintiffs adopt and fully incorporate herein Paragraphs 59 through 67 of McCullough's Complaint based upon information and belief.

44. On information and belief, Insight has failed to fully pay bargaining unit employees and other similarly situated in the Class, wages and overtime for the time period beginning approximately three (3) weeks prior to March 28, 2025.

45. Upon information and belief, Insight failed to pay accrued vacation and holiday time, and other fringe benefits including medical health care contributions, for bargaining unit employees and other similarly situated in the Class.

## COUNT III
## INSIGHT HILLSIDE, INSIGHT TRUMBULL, AND THE FIRDAUS FOUNDATION ARE ALL ALTER EGOS OF ONE ANOTHER AND ARE JOINTLY AND SEVERALLY LIABLE FOR EACH OTHER'S UNLAWFUL ACTS

46. Intervenors/Plaintiffs restate and fully incorporate herein Paragraphs 1 through 45 of Intervenors/Plaintiffs Complaint.

47. Intervenors/Plaintiffs adopt and fully incorporate herein Paragraphs 68 through 74 of McCullough's Complaint based upon information and belief.

## COUNT IV
## INJUNCTIVE RELIEF AGAINST INSIGHT

48. Intervenors/Plaintiffs restate and fully incorporate herein Paragraphs 1 through 47 of Intervenors/Plaintiffs Complaint.

49. Intervenors/Plaintiffs adopt and fully incorporate herein Paragraphs 75 through 81 of McCullough's Complaint based upon information and belief.

## COUNT V
## INSIGHT'S VIOLATION OF OHIO REVISED CODE CHAPTER 4111

50. Intervenors/Plaintiffs restate and fully incorporate herein Paragraphs 1 through 49 of Intervenors/Plaintiffs Complaint.

51. Pursuant to the Constitution of the State of Ohio, Article II, "every employer shall pay their employees a wage rate of not less than six dollars and eighty-five cents per hour beginning January 1, 2007."  Pursuant to the December 8, 2006 Ohio Constitutional Amendment, that minimum wage is raised per the expressed formula in the amendment and the current minimum wage amount is $10.70 per hour effective January 1, 2025.

52. O.R.C. 4111.02 states that "[e]very employer, as defined in Section 34a of Article II, Ohio Constitution, shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a of Article II, Ohio Constitution."

53. O.R.C. 4111.03 states that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended."

54. O.R.C. 4111.10(A) provides that "[a]ny employer who pays less than wages to which the employee is entitled under section 4111.03 of the Revised Code, is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the

employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

55. The bargaining unit employees are paid pursuant to collective bargaining agreements ("CBAs") that establish specific wage and overtime rates for these employees. O.R.C. 4111.12 provides that "[n]othing in sections 4111.01 to 4111.17 of the Revised Code interferes with, impedes, or in any way diminishes the right of employes to bargain collectively with their employers through representatives of their own choosing in order to establish wages or other conditions of work in excess of the applicable minimum under sections 4111.01 to 4111.17 of the Revised Code."

56. Upon information and belief, Insight failed to pay bargaining unit employees and other similarly situated employees in the proposed Class, their full wages and overtime for hours worked during the approximately three (3) weeks prior to March 28, 2025.

**WHEREFORE,** Intervenors/Plaintiffs individually and on behalf of the proposed Class of persons described in McCullough's Complaint and in this Intervenors/Plaintiffs' Complaint, pray for relief against Insight, jointly and severally, as follows:

A. An order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff(s) as the class representative(s), and appointing the undersigned as a Class co-counsel;

B. Payment of reasonable compensation to Plaintiff(s), as class representative(s), for services as such;

C. An entry of judgment against Defendants Insight and in favor of Intervenor/Plaintiffs and all others similarly situated in the proposed Class equal to the sum of their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay,

pension and 401k contributions and other ERISA benefits, for sixty (60) working days following the member employees' terminations/lay-offs that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that sixty (60) day period, all determined in accordance with the WARN Act.

D. The reasonable attorneys' fees and the costs of disbursement the Plaintiff(s) incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

E. The reasonable attorneys' fees and costs incurred in prosecuting this action, as authorized by the Ohio Revised Code §4111.10(A);

F. A monetary judgment against Defendants Insight in accordance with Ohio Revised Code § 4113.15(A) in favor of Plaintiff(s) and Class members equal to the sum of all unpaid wages, fringe benefits, and liquidated damages pursuant to Ohio Revised Code § 4113.15(B);

G. An order enjoining Defendants Insight from dissolving their corporate entities and/or dissipating corporate entities;

H. Alternatively, in the unlikely event Plaintiff(s) cannot meet the requirements of Rule 23(b)(3) for any of the non-WARN Act claims asserted  herein, for an order certifying such liability issues which exist, predominate, and are susceptible to class-wide proof;

I. Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Intervenors/Plaintiffs, on behalf of themselves and the proposed Class, hereby demand a trial by jury on all allowable claims and issues.

Date:  April __, 2025                Respectfully submitted,

s/Kimm A. Massengill-Bernardin
KIMM A. MASSENGILL-BERNARDIN (0059292)
MICHELLE R. EVANS (0075124)
Ohio Council 8, AFSCME, AFL-CIO
6800 North High Street
Worthington, Ohio 43085
Tel.: (614) 841-1918/Fax: (614) 430-7960
kmassengillbernardin@afscme.org
mevans@afscme8.org

Counsel for Proposed Intervenors Ohio Council 8, AFSCME, AFL-CIO; Local 2288, AFSCME, AFL-CIO; Local 2804, AFSCME, AFL-CIO; and United Nurses of America, Local 2026, AFSCME, AFL-CIO

s/ Cathrine Harshman
CATHRINE HARSHMAN (0079373)
Harshman, Wannemacher Tipton & Lipperman
4683 Winterset Drive,
Columbus Ohio 43220
Tel.: 614-437-9854
charshman@hcands.com

Counsel for Proposed Intervenor SEIU District 1199