**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID McCULLOUGH, et al., | ) | CASE NO. 4:25-cv-00644-BYP |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **DEFENDANT FIRDAUS** |
| | ) | **FOUNDATION'S MOTION TO** |
| INSIGHT FOUNDATION OF HILLSIDE, et al. | ) | **DISMISS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Firdaus Foundation files this Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over Firdaus Foundation. Alternatively, and in the event the Court does not dismiss Plaintiffs' claims against Firdaus Foundation for lack of personal jurisdiction, the claims against Firdaus Foundation should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is supported by the contemporaneously filed Memorandum of Law in Support and Declaration of Riazul Huda.

Respectfully submitted,

*/s/ Yelena G. Katz*
YELENA G. KATZ (0092130)
JOSEPH R. BLALOCK (0090273)
JORDAN J. CALL (0096040)
**BENESCH,  FRIEDLANDER,  COPLAN
& ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:   (216) 363-4500
Facsimile:    (216) 363-4588
Email:        ykatz@beneschlaw.com
              jblalock@beneschlaw.com
              jcall@beneschlaw.com

*Attorneys for Defendant Firdaus Foundation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2025, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Yelena G. Katz*

*One of the Attorneys for Defendant Firdaus Foundation*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID McCULLOUGH, et al., | ) | CASE NO. 4:25-cv-00644-BYP |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **DEFENDANT FIRDAUS** |
| | ) | **FOUNDATION'S MEMORANDUM IN** |
| INSIGHT FOUNDATION OF HILLSIDE, | ) | **SUPPORT OF MOTION TO DISMISS** |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ............................................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................ 2

III.    LEGAL STANDARD...................................................................................... 3

IV.    ARGUMENT .................................................................................................. 4

      A.      No general personal jurisdiction exists over Firdaus Foundation............................ 4

      B.      No specific personal jurisdiction exists over Firdaus Foundation. ........................ 5

            1.      Exercise of personal jurisdiction would offend due process. ..................... 5

                  a.      Plaintiffs have not plausibly alleged any purposeful availment. .... 6

                  b.      Any alleged harm to Plaintiffs or putative class members do not stem from Firdaus Foundation's in-forum activities. ..................... 9

                  c.      The lack of connection to Ohio would make exercise of personal jurisdiction unreasonable. ............................................................ 10

            2.      The long-arm statute does not reach Firdaus Foundation. ........................ 10

      C.      Alternatively, the Court should dismiss Plaintiffs' Amended Complaint as to Firdaus Foundation under Rule 12(b)(6). ............................................................ 11

            1.      Plaintiffs' Amended Complaint does not attribute alleged conduct to Firdaus Foundation. .................................................................................. 11

            2.      Plaintiffs do not adequately allege an alter ego theory. ........................... 11

            3.      Plaintiffs do not adequately allege a single employer theory. .................. 13

V.    CONCLUSION............................................................................................. 14

## **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Ackison Surveying, LLC v. Focus Fiber Solutions, LLC*,
  Case No. 2:15-CV-2044, 2017 U.S. Dist. LEXIS 35502 (S.D. Ohio Mar. 13,
  2017) ................................................................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................4

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*,
  67 Ohio St. 3d 274, 1993 Ohio 119, 617 N.E.2d 1075 (Ohio 1993) ......................................12

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*,
  768 F.3d 499 (6th Cir. 2014) ...........................................................................3, 9

*Bricker v. R & A Pizza, Inc.*,
  804 F. Supp. 2d 615 (S.D. Ohio 2011) ...............................................................13

*Bristol Myers Squibb Co. v. Super. Ct.*,
  582 U.S. 255 (2017)........................................................................................3, 4

*Burger King v. Rudzewicz*,
  471 U.S. 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985) ..........................................6

*Clarke v. Pollan*,
  CASE NO. 1:23CV1993, 2024 U.S. Dist. LEXIS 93930 (N.D. Ohio Jan. 4,
  2024) ...............................................................................................................2, 4

*Conn v. Zakharov*,
  667 F.3d 705 (6th Cir. 2012) ...............................................................................5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)........................................................................................4, 5

*Dean v. Motel 6 Operating L.P.*,
  134 F.3d 1269 (6th Cir. 1998) .............................................................................6

*Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*,
  545 F.3d 357 (6th Cir. 2008) ...........................................................................7, 9

*Farson v. CooperSurgical, Inc.*,
  CASE NO. 3:22 CV 716, 2023 U.S. Dist. LEXIS 136384 (N.D. Ohio Aug. 4,
  2023) ...............................................................................................................7, 8

*Garlock v. Ohio Bell Tel. Co. Inc.*,
   2014 U.S. Dist. LEXIS 67646, 2014 U.S. Dist. LEXIS 67646 (N.D. Ohio May
   15, 2014) .............................................................................................................. 8

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................................................... 3, 4

*Grigoryev v. Washington & Lee Univ.*,
   Case No. 2:21-cv-1500, 2022 U.S. Dist. LEXIS 71327 (S.D. Ohio Apr. 19,
   2022) .................................................................................................................... 5

*Invacare Corp. v. Sunrise Med. Holdings, Inc.*,
   CASE NO. 1:04 CV 1439, 2004 U.S. Dist. LEXIS 28169 (N.D. Ohio Dec. 15,
   2004) .................................................................................................................... 8

*Kurek v. Ohio Dep't of Dev. Disabilities*,
   No. 3:16-cv-623, 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio Jan 20, 2017) ......... 11

*Means v. United States Conf. of Cath. Bishops*,
   836 F.3d 643 (6th Cir. 2016) ................................................................................ 9

*Nottingham-Spirk Design Assocs. v. HALO Innovations, Inc.*,
   603 F. Supp. 3d 561 (N.D. Ohio 2022) .............................................................. 8, 9

*Parker v. Winwood*,
   938 F.3d 833 (6th Cir. 2019) ................................................................................ 3

*Pearson v. Component Tech. Corp.*,
   247 F. 3d 471 (3d Cir. 2001) ............................................................................... 13

*Perkins v. Am. Spotting Co. of Ohio, Inc.*,
   Case No. 2:18-cv-54, 2018 U.S. Dist. LEXIS 223473 (S.D. Ohio Dec. 13,
   2018) .................................................................................................................. 13

*Scheid v. Fanny Farmer Candy Shops, Inc.*,
   859 F.2d 434 (6th Cir. 1988) ................................................................................ 4

*Transition Healthcare Assocs., Inc. v. Tri-State Health Invs., LLC*,
   306 F. App'x 273 (6th Cir. 2009) .......................................................................... 9

*Vesi Inc. v. Vera Bradley Designs, Inc.*,
   Case No. 1:19-cv-696, 2020 U.S. Dist. LEXIS 160435 (S.D. Ohio Sept. 2,
   2020) ................................................................................................................. 5, 6

*Wamer v. University of Toledo*,
   27 F.4th 461 (6th Cir. 2022) ................................................................................. 4

*Zakora v. Chrisman*,
   44 F.4th 452 (6th Cir. 2022) ........................................................................................4

**Statutes**

Ohio Rev. Code § 2307.382.............................................................................................10

**Other Authorities**

20 C.F.R. § 639.3(a)(2).....................................................................................................13

Federal Rule of Civil Procedure 12(b)(6) .....................................................................4, 11

Federal Rules of Civil Procedure Rule 12(b)(2) .........................................................1, 2, 3

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................................1

## I.      INTRODUCTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Firdaus Foundation respectfully moves this Court for an order dismissing this case for lack of personal jurisdiction.[1] There are no allegations that would establish a connection between Firdaus Foundation and Ohio. Firdaus Foundation is a Michigan nonprofit organization with its principal place of business in Michigan. Plaintiffs improperly attempt to case a wide net to assert claims against Firdaus Foundation based upon conclusory allegations of a "single employer" or an "alter ego" relationship. However, Plaintiffs' conclusory allegations are insufficient to establish personal jurisdiction against Firdaus Foundation. Plaintiffs' allegations merely amount to conclusory recitations of the factors underlying an alter ego or single employer analysis. These conclusory allegations are without any factual specificity and allege no purported actions that Firdaus Foundation took in Ohio in concert with other Defendants. Further, Plaintiffs' allegations are based on the allegation that Firdaus Foundation "owns" Defendants Insight Foundation of Hillside ("Insight Hillside") and Insight Foundation of Trumbull ("Insight Trumbull"), which are based in Ohio. However, mere ownership—or a parent-subsidiary relationship without more—is insufficient to create a connection to Ohio for the purpose of establishing personal jurisdiction. Thus, the Court lacks personal jurisdiction over Firdaus Foundation under the U.S. Constitution or Ohio's long-arm statute.

Alternatively, and in the event the Court does not dismiss Plaintiffs' claims against Firdaus Foundation for lack of personal jurisdiction, Firdaus Foundation respectfully requests dismissal for Plaintiffs' failure to state a claim upon which relief can be granted under Rule 12(b)(6). The allegations in the Amended Complaint cannot be attributed to Firdaus Foundation. Beyond

---

[1] In accordance with the Court's order, Firdaus Foundation simultaneously files its Answer to the Amended Complaint.

conclusory assertions of Firdaus Foundation's purported affiliation with other Defendants, Plaintiffs fail to allege any actions that Firdaus Foundation took or that would be attributable to Firdaus Foundation. Accordingly, the claims against Firdaus Foundation should be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Firdaus Foundation is a non-profit organization incorporated in the State of Michigan. (Dkt. #25, ¶ 11)[2] (*See* Declaration of Riazul Huda, hereinafter referred to as "Firdaus Decl.", at ¶ 2.)[3] Firdaus Foundation has its principal place of business in Flint, Michigan. (*See id.*, ¶ 3.) Firdaus Foundation was organized for the purpose of providing religious guidance to the Muslim American community through various charitable initiatives. (*See id.*, ¶¶ 4-5.)

Firdaus Foundation does not transact any business in Ohio. (*See id.*, ¶ 6.) Firdaus Foundation is not registered with the Secretary of State to transact or conduct business in the State of Ohio. (*See id.*) Firdaus Foundation has never owned any real property in the State of Ohio. (*See id.*) Firdaus Foundation does not derive any revenue from goods sold or services rendered by Firdaus Foundation in the State of Ohio. (*See id.*) Firdaus Foundation otherwise has no affiliation or connection with the State of Ohio. (*See id.*, ¶ 10.)

Firdaus Foundation is the sole member in Defendants Insight Hillside and Insight Trumbull. (*See id.*, ¶ 8.) Defendants Insight Hillside and Insight Trumbull are incorporated in Ohio and have their principal places of business in Ohio. (Dkt. #25). Although Firdaus Foundation is the sole member of Defendants Insight Hillside and Insight Trumbull, it has had no involvement in or decision-making control over any employment-related decisions of Defendants Insight

---

[2] Firdaus Foundation denies certain allegations in Plaintiffs' Amended Complaint either due to falsity or due to Firdaus Foundation's lack of knowledge as to truth or falsity. Firdaus Foundation reserves the right to deny any and all allegations contained in the Amended Complaint.

[3] Courts are not limited to the pleadings and may consider affidavits in ruling on motions to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See Clarke v. Pollan*, CASE NO. 1:23CV1993, 2024 U.S. Dist. LEXIS 93930 (N.D. Ohio Jan. 4, 2024).

Hillside and Insight Trumbull. (*See* Firdaus Decl., ¶ 9.) Thus, Firdaus Foundation has no connection to the State of Ohio, as Firdaus Foundation has not solicited, transacted, or conducted any business in the State of Ohio relating to this case. (*See* Firdaus Decl., ¶ 10.)

On June 30, 2025, Plaintiffs filed their Amended Complaint against Firdaus Foundation as well as Defendants Insight Hillside and Insight Trumbull. Plaintiffs allege "[u]pon information and belief" that Firdaus Foundation directly or indirectly owns Defendants Insight Hillside and Insight Trumbull. (Dkt. #25, ¶¶ 11, 63.) Defendants further allege "[u]pon information and belief" and in a conclusory manner that Defendants Firdaus Foundation, Insight Hillside, and Insight Trumbull act as a "single employer." (Dkt. #25, ¶¶ 13, 63.) Defendants further allege "[u]pon information and belief" and in a conclusory manner that Defendants Firdaus Foundation, Insight Hillside, and Insight Trumbull are alter ego entities of one another. (Dkt. #25, ¶ 114.)

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal for lack of personal jurisdiction. "The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction *over each defendant independently*." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (emphasis supplied). In order for a court to have personal jurisdiction over a defendant, there must be either general jurisdiction or specific jurisdiction. *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019). General jurisdiction is "all-purpose" jurisdiction. *Bristol Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). It exists where the defendant's connection with the forum state is "so continuous and systematic as to render [it] essentially at home in the forum state" such that a court may exercise jurisdiction over the defendant for claims "unrelated" to that connection. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 925 (2011). Specific jurisdiction, on the other hand, is case-linked jurisdiction. *Bristol-Myers Squibb*, 582 U.S. at 262. A plaintiff must establish an act or omission

3

in the forum state in order for a court to exercise personal jurisdiction over a non-resident defendant through specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). That is, the suit must have arisen out of the connection to the forum state in order for there to be specific jurisdiction. *See Bristol-Myers Squibb*, 582 U.S. at 262. "In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Clarke*, 2024 U.S. Dist. LEXIS 93930, at *10 (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim when the plaintiff fails to plead facts on which relief can be granted. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wamer v. University of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022). That is, unless a plaintiff sets forth "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," dismissal under Rule 12(b)(6) is proper. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## IV.  ARGUMENT

### A.  NO GENERAL PERSONAL JURISDICTION EXISTS OVER FIRDAUS FOUNDATION.

Firdaus Foundation is not at home in Ohio, so there is no general personal jurisdiction. The test for general jurisdiction over an organization is where that organization is at home. *See Goodyear Dunlop*, 564 U.S. at 924. An organization is at home where it is incorporated and

maintains its principal place of business. *See Daimler AG*, 571 U.S. at 137. The same is true for non-profit organizations. *Grigoryev v. Washington & Lee Univ.*, Case No. 2:21-cv-1500, 2022 U.S. Dist. LEXIS 71327, at *3 (S.D. Ohio Apr. 19, 2022). Firdaus Foundation is neither incorporated in Ohio nor does it maintain its principal place of business in Ohio. Plaintiffs concede that Firdaus Foundation is a nonprofit incorporated in Michigan. (Dkt. #25, ¶ 11.) Firdaus Foundation's principal place of business is in Flint, Michigan. Accordingly, no general jurisdiction exists. *See Grigoryev*, 2022 U.S. Dist. LEXIS 71327, at *3 (finding no general jurisdiction where plaintiff did not show defendant was incorporated or had its principal place of business in Ohio).

## B.    NO SPECIFIC PERSONAL JURISDICTION EXISTS OVER FIRDAUS FOUNDATION.

There is no specific jurisdiction over Firdaus Foundation because Plaintiffs' claims do not arise out of or relate to Firdaus Foundation's activities in the State of Ohio. Specific jurisdiction is proper over a defendant only if a plaintiff satisfies the three-part test established by the Sixth Circuit. *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012). "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *Id.* "Second, the cause of action must arise from the defendant's activities there." *Id.* "Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* Unless all three of these elements are met, there is no specific personal jurisdiction over a defendant. *Id.* In other words, exercise of specific personal jurisdiction must not offend due process and must comport with Ohio's long-arm statute. *See id.*

### 1.    *Exercise of personal jurisdiction would offend due process.*

To comport with due process, a plaintiff must prove that a defendant had sufficient minimum contacts with the forum state. *See Vesi Inc. v. Vera Bradley Designs, Inc.*, Case No.

1:19-cv-696, 2020 U.S. Dist. LEXIS 160435, *7-8 (S.D. Ohio Sept. 2, 2020). This requires that a plaintiff prove that a defendant purposefully availed itself of the forum, that a defendant's contact with the forum gave rise to plaintiff's case, and that the connection to the forum state is substantial enough to make exercise of jurisdiction reasonable. *See id.*

> a. **Plaintiffs have not plausibly alleged any purposeful availment.**

Plaintiffs' Amended Complaint only alleges in a conclusory manner that Firdaus Foundation is a single employer with Defendants Insight Hillside and Insight Trumbull or that Defendants are all alter egos of one another. However, there are no allegations of any actions or conduct attributable to Firdaus Foundation, and consequently there are no allegations connecting Firdaus Foundation to the State of Ohio to an extent sufficient to establish personal jurisdiction over Firdaus Foundation. There is no plausible allegation that Firdaus Foundation interacted with employees of Insight Hillside and Insight Trumbull, nor is there any plausible allegation otherwise connecting Firdaus Foundation to employees of Defendants Insight Hillside and Insight Trumbull.

Firdaus Foundation's mere status as a member of Defendants Insight Hillside and Insight Trumbull is insufficient to show purposeful availment in the Sixth Circuit. Sixth Circuit law establishes that "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 1273 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). Accordingly, "proof of ownership is insufficient to show purposeful availment." *Id.* at 1274. Here, Plaintiffs assert no contact by Firdaus Foundation with the State of Ohio other than its affiliation with or purported ownership of

Defendants Insight Hillside and Insight Trumbull. This allegation of ownership is insufficient to establish purposeful availment. Thus, there is no personal jurisdiction over Firdaus Foundation.

Plaintiffs are relying on an "alter ego" theory to establish personal jurisdiction over Firdaus Foundation, but Plaintiffs' allegations are insufficient to warrant the exercise of personal jurisdiction. Sixth Circuit law holds that unless a plaintiff establishes that "parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction," a non-resident parent corporation is not amenable to suit in the forum state. *See Farson v. CooperSurgical, Inc.*, CASE NO. 3:22 CV 716, 2023 U.S. Dist. LEXIS 136384, at *10 (N.D. Ohio Aug. 4, 2023) (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008)). The following factors are considered in determining whether a parent company exerts sufficient control over a subsidiary for purposes of creating jurisdiction under an alter ego theory: (1) whether corporate formalities are observed; (2) whether corporate records are kept; (3) whether the corporation is financially independent; (3) whether the companies share the same employees and officers; (4) whether the companies engage in the same business enterprise; (5) whether the companies have the same address and phone lines; (6) whether the companies use the same assets; (7) whether the companies complete the same jobs; (8) whether the companies maintain separate books, tax returns, and financial statements; and (9) whether the parent exerts control over the daily affairs of the subsidiary. *See Farson*, 2023 U.S. Dist. LEXIS 136384, at *10-11 (quoting *Toyota Motor Corp.*, 545 F.3d at 362-63). In other words, "[t]he alter ego theory of jurisdiction is essentially a version of 'pierc[ing] the corporate veil of the subsidiary and imput[ing] personal jurisdiction from the subsidiary to the parent.'" *See Farson*, 2023 U.S. Dist. LEXIS 136384, at *11 (quoting

*Invacare Corp. v. Sunrise Med. Holdings, Inc.*, CASE NO. 1:04 CV 1439, 2004 U.S. Dist. LEXIS 28169, at *24 (N.D. Ohio Dec. 15, 2004)).

Plaintiffs allege that Firdaus Foundation and Defendants Insight Hillside and Insight Trumbull share officers and directors. (Dkt. #25, ¶¶ 63, 110.) However, "[e]ven where the officers and directors of a subsidiary and parent corporation overlap, that factor alone is not enough to warrant a finding that the subsidiary is an alter-ego of the parent corporation." *See Farson*, 2023 U.S. Dist. LEXIS 136384, at *11-12 (quoting *Garlock v. Ohio Bell Tel. Co. Inc.*, 2014 U.S. Dist. LEXIS 67646, 2014 U.S. Dist. LEXIS 67646, at *18 (N.D. Ohio May 15, 2014)). The remainder of the Amended Complaint only contains conclusory recitations of some of the elements considered in determining whether there is a plausible allegation of an alter ego relationship. (Dkt. #25, ¶¶ 63, 110-114.) Like in *Farson*, Plaintiffs have failed to demonstrate that the "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same." *See Farson*, 2023 U.S. Dist. LEXIS 136384, at *12-13 (citation omitted). Thus, Plaintiffs' Amended Complaint does not contain sufficient allegations to plausibly demonstrate personal jurisdiction over Firdaus Foundation, a non-resident non-profit corporation, through an alter ego theory.

Here, the only connection between Firdaus Foundation and the State of Ohio is its status as the sole member of Insight Hillside and Insight Trumbull. Courts in the Northern District of Ohio have acknowledged that, "[s]imply put, mere ownership of an entity that in turn owns a party in interest does not satisfy the demands of the Constitution." *See Nottingham-Spirk Design Assocs. v. HALO Innovations, Inc.*, 603 F. Supp. 3d 561, 568 (N.D. Ohio 2022) (granting motion to dismiss claims asserted against parent corporation for lack of personal jurisdiction). Further, there is a general presumption that "a parent corporation is not liable for the acts of its subsidiary, even if

the subsidiary is wholly owned." *Id.* at 569 (citing *Transition Healthcare Assocs., Inc. v. Tri-State Health Invs., LLC*, 306 F. App'x 273, 280 (6th Cir. 2009)). To establish personal jurisdiction through an alter ego theory, Plaintiffs must demonstrate that Firdaus Foundation exerts so much control over Insight Hillside and Insight Trumbull "that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Id.* (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008)). Here, Plaintiffs' Amended Complaint does not support a prima facie showing that the instant lawsuit presents such an extraordinary case that it would justify piercing the corporate veil and exercising personal jurisdiction over non-resident Defendant Firdaus Foundation. That is, there are not sufficient factual allegations to find that Firdaus Foundation and Insight Hillside or Insight Trumbull are one and the same. Accordingly, the Court should dismiss Plaintiffs' Amended Complaint as to Firdaus Foundation for lack of personal jurisdiction.

### b. Any alleged harm to Plaintiffs or putative class members do not stem from Firdaus Foundation's in-forum activities.

The Court also lacks personal jurisdiction against Firdaus Foundation because Plaintiffs' claims against Firdaus Foundation do not arise out of contacts with the State of Ohio. In order for there to be specific jurisdiction that satisfies due process, a "plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state." *Beydoun*, 768 F.3d at 507-08. In other words, "the [alleged] conduct must have been a cause of the plaintiff's injury and the plaintiff's injury must have been the natural and probable result of the [alleged] conduct." *Means v. United States Conf. of Cath. Bishops,* 836 F.3d 643, 652 (6th Cir. 2016).

Here, Plaintiffs have not alleged that Firdaus Foundation has engaged in any conduct in the State of Ohio—that is, the forum state. Thus, Plaintiffs have not alleged any actions by Firdaus Foundation that could have proximately caused any alleged harms to Plaintiffs or any putative

class members. The only non-conclusory allegations in the Amended Complaint as to Firdaus Foundation relate to Firdaus Foundation's status as a parent organization—or purported owner— of Insight Hillside and Insight Trumbull, and the overlap of officers and directors of the organizations. Thus, the Amended Complaint does not set forth specific allegations that demonstrate a substantial connection of Firdaus Foundation's conduct to Ohio sufficient to satisfy due process. Thus, it would be improper to exercise personal jurisdiction over Firdaus Foundation.

### c.    The lack of connection to Ohio would make exercise of personal jurisdiction unreasonable.

Lastly, there is not a sufficient connection to Ohio that would show that exercising personal jurisdiction over Firdaus Foundation would be reasonable. As a threshold matter, Plaintiffs' failure to satisfy the first two elements of specific jurisdiction is fatal to Plaintiffs' obligation to establish personal jurisdiction over Firdaus Foundation. Still, given that Plaintiffs have not alleged any in-forum activity by Firdaus Foundation in the State of Ohio, Plaintiffs' allegations do not demonstrate that personal jurisdiction over Firdaus Foundation would be reasonable.

### 2.    *The long-arm statute does not reach Firdaus Foundation.*

Ohio's long-arm statute also does not create a basis to find specific personal jurisdiction over Firdaus Foundation. Ohio's long-arm statute allows for personal jurisdiction in several limited circumstances within the State of Ohio. *See* Ohio Rev. Code § 2307.382. Per the Ohio long-arm statute, a cause of action must arise from those limited categories of activities in the State of Ohio. Here, Plaintiffs' Amended Complaint does not allege any claims arising from any of those limited circumstances. For example, there are no claims arising from allegations that Firdaus Foundation: transacted any business in the State of Ohio; contracted to supply services or goods in the State of Ohio; caused tortious injury by an act or omission in the State of Ohio; or causing tortious injury in this state by an act or omission outside the State of Ohio so long as Firdaus Foundation regularly

does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of Ohio. As discussed above, Firdaus Foundation has not engaged in any Ohio-based conduct, and the Amended Complaint does not allege any claims arising from any Ohio-based conduct of Firdaus Foundation. Accordingly, Plaintiffs have failed to demonstrate that Ohio's long-arm statute would justify finding personal jurisdiction over Firdaus Foundation.

### C. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFFS' AMENDED COMPLAINT AS TO FIRDAUS FOUNDATION UNDER RULE 12(B)(6).

#### 1. *Plaintiffs' Amended Complaint does not attribute alleged conduct to Firdaus Foundation.*

Plaintiffs' Amended Complaint should be dismissed as to Firdaus Foundation because Plaintiffs' fail to allege any actions attributable to Firdaus Foundation. Rather, Plaintiffs group Firdaus Foundation is an undifferentiated manner with Insight Hillside and Insight Trumbull. Thus, as an initial matter, Plaintiffs have not satisfied the pleading standard for asserting any claims against Firdaus Foundation for its own conduct. *See Kurek v. Ohio Dep't of Dev. Disabilities*, No. 3:16-cv-623, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio Jan 20, 2017) ("Such conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient: 'vaguely lumping all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard.") (citations omitted). So, Plaintiffs improperly attempt to lump Firdaus Foundation together with other Defendants in order to circumvent the lack of any alleged conduct attributable to Firdaus Foundation itself.

#### 2. *Plaintiffs do not adequately allege an alter ego theory.*

Although all of Plaintiffs' claims against Firdaus Foundation are premised upon an alter ego or single employer theory, those allegations are conclusory and insufficient to state any claim

11

against Firdaus Foundation. Plaintiffs improperly attempt to disregard the corporate form, and the Amended Complaint fails to sufficiently allege any facts to plausibly support any alter ego or single employer theory of recovery against Firdaus Foundation.

First, the Amended Complaint's allegations do not justify disregarding the corporate form through application of an alter ego theory. "Under Ohio law, the Court may disregard the corporate form only when: '(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act [or a similarly unlawful act] against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.'" *Ackison Surveying, LLC v. Focus Fiber Solutions, LLC*, Case No. 2:15-CV-2044, 2017 U.S. Dist. LEXIS 35502, at *7-8 (S.D. Ohio Mar. 13, 2017) (quoting *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St. 3d 274, 1993 Ohio 119, 617 N.E.2d 1075, 1086 (Ohio 1993)). In *Ackison*, the court found that conclusory allegations of control and alter ego status asserted on "information and belief" were insufficient to establish that the parent and subsidiary were fundamentally indistinguishable. *Id.*, at *9-10. Next, the court found that there were no allegations that any control by the parent was exercised specifically for the purpose of committing an illegal, fraudulent, or similar act. *Id.* at *10-12. In the instant lawsuit, Plaintiffs similarly fail to set forth allegations that would plausibly show control so significant that Firdaus Foundation and the other Defendants are fundamentally indistinguishable. Rather, there are only conclusory allegations of control that Plaintiffs assert "upon information and belief." Plaintiffs also only assert in a conclusory manner that Firdaus Foundation exercised control over the other Defendants to commit fraud, an illegal act, or a similarly unlawful act. (Dkt. #25, ¶ 112.) Such legal conclusions are insufficient to pierce

12

the corporate veil and assert claims against Firdaus Foundation based upon an alter ego theory. Plaintiffs' Amended Complaint should accordingly be dismissed as to Firdaus Foundation for failure to state a claim upon which relief can be granted.

### 3.  Plaintiffs do not adequately allege a single employer theory.

Plaintiffs' conclusory assertions of a "single employer" relationship are similarly deficient. Factual enhancements beyond conclusory statements of a single employer relationship are necessary to meet the pleading standard. *See Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 621 (S.D. Ohio 2011) (dismissing claims where allegations of single employer relationship were based on legal conclusions rather than factual averments). Courts analyze this issue by applying a five-factor balancing test consisting of the following factors: (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations. *See* 20 C.F.R. § 639.3(a)(2); *Pearson v. Component Tech. Corp*., 247 F. 3d 471, 489 (3d Cir. 2001). "[B]y itself, ownership -- and even ownership coupled with common management -- is not a sufficient basis for liability." *Id.* at 494. Conclusory allegations of the factors underlying the single employer test will be insufficient to state any claim premised upon a single employer theory. *Perkins v. Am. Spotting Co. of Ohio, Inc.*, Case No. 2:18-cv-54, 2018 U.S. Dist. LEXIS 223473, at * (S.D. Ohio Dec. 13, 2018) (granting motion to dismiss claims against parent company in absence of factual allegations demonstrating factors of single employer status). Here, Plaintiffs only alleges ownership and common management. That is not sufficient to plausibly allege claims premised upon a single employer theory. The remainder of Plaintiffs' Amended Complaint only contains conclusory allegations asserted upon "information and belief." Thus, Plaintiffs' Amended Complaint should be dismissed as to Firdaus Foundation because Plaintiffs have not plausibly alleged claims premised upon a single employer theory.

## V.      CONCLUSION

In accordance with the Court's order, the undersigned certifies that counsel for Firdaus Foundation informed counsel for Plaintiffs verbally and via email of their intent to file this Motion and the supporting reasons for this Motion. Further, counsel discussed their positions at length and ultimately Plaintiffs' counsel refused to dismiss Firdaus Foundation from this action.

WHEREFORE, for the foregoing reasons, Firdaus Foundation respectfully moves this Honorable Court for the entry of an Order dismissing the Amended Complaint as to Firdaus Foundation, and awarding Firdaus Foundation such other and further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Yelena G. Katz*
YELENA G. KATZ (0092130)
JOSEPH R. BLALOCK (0090273)
JORDAN J. CALL (0096040)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:   (216) 363-4500
Facsimile:    (216) 363-4588
Email:         ykatz@beneschlaw.com
                   jblalock@beneschlaw.com
                   jcall@beneschlaw.com

*Attorneys for Defendant Firdaus Foundation*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/Yelena G. Katz*
*One of the Attorneys for Defendant Firdaus Foundation*

## **CERTIFICATE OF COMPLIANCE**

Defendant Firdaus Foundation certifies, pursuant to Local Rule 7.1(f) of this Court, this Memorandum in Support of Defendant Firdaus Foundation's Motion to Dismiss complies with the standard track page limitations.

*/s/ Yelena G. Katz*
*One of the Attorneys for Defendant Firdaus*
*Foundation*

16