## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DAVID MCCULLOUGH**
10010 Kennedy Ledge Road
Garrettsville, Ohio 44231,

and

**ANGELA FOOR**
606 Belvedere Ave SE
Warren, Ohio 44483,

and

**VENESSA G. SATTERTHWAITE**
705 Fifth Street
Niles, Ohio 44446

and

**BILLIE E. FIKE**
7996 Mines Road, SE
Warren, Ohio 44484

on behalf of themselves and all others
similarly situated,

and

**OHIO COUNCIL 8, American
Federation of State, County and
Municipal Employees, AFL-CIO; and
its LOCAL 2288, American Federation
of State, County, and Municipal
Employees; and its LOCAL 2804,
American Federation of State, County
and Municipal Employees, AFL-CIO;
and its UNA LOCAL 2026, American
Federation of State, County and
Municipal Employees, AFL-CIO,** on
behalf of themselves and all of their
bargaining unit members,
6800 North High Street
Worthington, Ohio 43085,

and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.  4:25-CV-00644**

**JUDGE BENITA Y. PEARSON**

**MASTER CONSOLIDATED
AMENDED COLLECTIVE AND
CLASS ACTION COMPLAINT
AND JURY DEMAND**

EXHIBIT A

**SERVICE EMPLOYEES**                          )
**INTERNATIONAL UNION, District**              )
**1199 WV/OH/KY,**                             )
on behalf of themselves and all of their       )
bargaining unit members,                       )
1395 Dublin Road                               )
Columbus, Ohio 42315,                          )
                                               )
                  Plaintiffs,      )
                                               )
    vs.                                       )
                                               )
**INSIGHT FOUNDATION OF**                      )
**HILLSIDE**                                   )
1350 E. Market St.                             )
Warren, Ohio 44483                             )
                                               )
    **Also serve:**                          )
    **Baseer Tajuddin**                      )
    ℅ Statutory Agent,                       )
    1350 E. Market St.                       )
    Warren, Ohio 44483                       )
                                               )
and                                            )
                                               )
**INSIGHT FOUNDATION OF**                      )
**TRUMBULL**                                   )
1350 E. Market St.                             )
Warren, Ohio 44483                             )
                                               )
    **Also serve:**                          )
    **Baseer Tajuddin**                      )
    ℅ Statutory Agent,                       )
    1350 E. Market St.                       )
    Warren, Ohio 44483                       )
                                               )
**FIRDAUS FOUNDATION**                         )
4800 S. Saginaw St., Ste. 1800                 )
Flint, Michigan 48507                          )
                                               )
    **Also serve:**                          )
    **Nadir Ijaz**                           )
    ℅ Statutory Agent,                       )
    4800 S. Saginaw St., Ste. 1800           )
    Flint, Michigan 48507                    )
                                               )
and                                            )

2

EXHIBIT A

**JAWAD A. SHAH, M.D., P.C.**　　　　　　　　)
4800 S. Saginaw St., Ste. 1800　　　　　　　　　)
Flint, Michigan 48507　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　**Also serve:**　　　　　　　　　　　　　　)
　　Ali Madha　　　　　　　　　　　　　　　　)
　　℅ Statutory Agent,　　　　　　　　　　　　)
　　4800 S. Saginaw St., Ste. 1800　　　　　　　)
　　Flint, Michigan 48507　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
**JAWAD A. SHAH, M.D.**　　　　　　　　　　)
4800 S. Saginaw St., Ste. 1800　　　　　　　　　)
Flint, Michigan 48507　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
**ALI MADHA**　　　　　　　　　　　　　　　)
4800 S. Saginaw St., Ste. 1800　　　　　　　　　)
Flint, Michigan 48507,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)

Plaintiffs David McCullough, Angela Foor, Vanessa G. Satterthwaite, and Billie E. Fike ("Individual Plaintiffs") on behalf of themselves and all others similarly situated, along with, Plaintiffs Ohio Council 8 ("Ohio Council 8"), American Federation of State, County and Municipal Employees AFL-CIO and its Locals 2288, 2804, and 2026 (when jointly referenced, Ohio Council 8 and its locals will be "AFSCME"), and Service Employees International Union, District 1199 WV/OH/KY ("SEIU") (when jointly referenced, AFSCME and SEIU will be referred to as "Unions")(the Unions and Individual Plaintiffs shall be collectively referred to as "Plaintiffs") file this Master Consolidated Amended Complaint (the "Complaint") against Insight Foundation of Hillside, Insight Foundation of Trumbull, the Firdaus Foundation, and Jawad A. Shah, M.D., P.C. (hereinafter referred to collectively

3

EXHIBIT A

as "Insight Defendants"), and Dr. Jawad A. Shah and Ali Madha (hereinafter referred to collectively as the "Individual Defendants")(the Insight Defendants and Individual Defendants shall be collectively referred to as "Defendants") by and through counsel, allege as follows:

## **INTRODUCTION**

1.      Plaintiffs bring this collective and class action against the Insight Defendants, as a single employer, on behalf of themselves and for all other similarly situated employees who were terminated without cause, as part of, or as the result of a mass layoff and/or plant closing ordered by Defendants on or about March 28, 2025 and thereafter, and who were not provided 60 days advance written notice of their terminations by Defendants (the "Class"), as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101-2109 et seq.

2.      The Unions bring their claims herein on behalf of themselves as labor organizations and exclusive representatives under the National Labor Relations Act ("NLRA"), and on behalf of all bargaining unit members who are employees of Defendants.

3.      Plaintiffs, on behalf of themselves and for all other similarly situated employees, seek to recover damages in the amount of 60 days' pay and ERISA benefits, pursuant to the WARN Act.

4.      Plaintiffs, on behalf of themselves and for all other similarly situated employees, also bring this action against all Defendants for statutory and common law claims arising from Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; Article II, Section 34a of the Ohio Constitution; and the Ohio Minimum Fair Wage Standards Act Ohio Rev. Code § 4111 *et seq.*, and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15.

5.      Plaintiffs, on behalf of themselves and for all other similarly situated employees, seek recovery of sixty (60) days of wages and ERISA benefits, vacation leave accruals, and the reimbursement for all wages, accrued vacation and holiday pay, and for fringe benefit deductions made

by Defendants out of employee wages or benefits not maintained by Defendants after the termination of employees.

6.      Plaintiffs, on behalf of themselves and for all other similarly situated employees, also seek an award of damages against Defendants and the Individual Defendants for breaches of fiduciary duties and other violations under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq*.

7.      Plaintiffs, on behalf of themselves and for all other similarly situated employees, seek to enjoin Defendants from dissolving their corporate entities and dissipating their assets pending resolution of the claims at issue herein.

## PARTIES.

8.      Plaintiff McCullough is an individual who resides in the City of Garrettsville, Ohio in Portage County, Ohio. Plaintiff McCullough signed a consent form to participate in this action. **Ex. A.**

9.      Plaintiff Angela Foor is an individual who resides in the City of Warren, Ohio in Trumbull County, Ohio. Plaintiff Foor signed a consent form to participate in this action. **Ex. B.**

10.     Plaintiff Vanessa G. Satterthwaite is an individual who resides in the City of Niles, Ohio, in Trumbull County. Satterthwaite was employed as an RN Level I with the Insight Defendants at their 1350 East Market Street, Warren, Ohio 44482 location. Satterthwaite is a member of the Local 2026 bargaining unit. Plaintiff Satterthwaite signed a consent form to participate in this action. **Ex. C.**

11.     Plaintiff Billie E. Fike is an individual who resides in the City of Warren, Ohio, in Trumbull County. Fike was employed as an admitting Lead with the Insight Defendants at their 8747 Squires Lane, Warren, Ohio 44484 location. Fike is a member of the Local 2288 bargaining unit. Plaintiff Fike signed a consent form to participate in this action. **Ex. D.**

EXHIBIT A

12. Plaintiff Unions are labor organizations and exclusive representatives under the National Labor Relations Act, 29 U.S.C. § 152(5) and § 159(a) ("NLRA"), and are "representatives" as defined in 20 C.F.R. Part 639.3(d), and 29 U.S.C. § 2101(a)(4) of the WARN Act.

13. Plaintiff AFSCME and its affiliated local unions, Local 2288, Local 2804, and UNA Local 2026 represent (3) bargaining units of employees as follows:

    a. Ohio Council 8 and Local 2288 represent a bargaining unit of employees who were employed at the Insight Defendants' facilities located at 8747 Squires Lane NE, Warren, Ohio 44484, which includes a total of approximately fifty-nine (59) employees in the classifications of Administrative Assistant II, Admitting Lead, Certified Nursing Assistant, Cook, Department Secretary, Food and Service Worker, HIM Technician, Housekeeping, Inpatient Pharmacy Technician Operator, Laboratory Technician, Laundry Worker, LPN I, Maintenance Mechanic II, Occupational Therapy Assistant Certified, Pharmacy Technician, Physical Therapy Assistant, Radiology Technician, Receptionist, Respiratory Therapist Certified, Therapy Staff Support, and Transporter II. Ohio Council 8, Local 2288, and Steward Health Care were parties to a collective bargaining agreement ("CBA") establishing wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by the Insight Defendants.

    b. Ohio Council 8 and Local 2804 represent a bargaining unit of employees who were employed at the Insight Defendants' facilities located at 1350 East Market Street, Warren, Ohio 44482, 20 Ohltown Road, Austintown, Ohio 44515, and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately two-hundred forty-two (242) employees in the classifications of Biomedical Technician II, Certified Nursing Assistant, Certified Sterile Prep Technician, Coder I, Cook, Coordinator of

6

EXHIBIT A

Patient Services, Department Secretary, Driver, EKG Technician, Electrician I, Emergency Department Technician, EVS Supervisor, Facilities Coordinator, Food and Service Worker, General Clerk, HIM Tech ROI, Housekeeping, HVAC Technician II, Inpatient Pharmacy Technician Operator, Maintenance Mechanic I, Maintenance Mechanic II, Monitoring Technician, Operating Room Technician, Patient Access Representative, PCT, Periop Information System Assistant, Pharmacy Technician, Phlebotomist, Receiving Clerk, Scheduler, Support Technician, Transporter II, Receptionist, and Unit Clerk. Ohio Council 8, Local 2804, and Steward Health Care were parties to a CBA establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by the Insight Defendants.

   c.   Ohio Council 8 and UNA Local 2026 represent a bargaining unit of employees who were employed at the Insight Defendants' facilities at 1350 East Market Street, Warren, Ohio 44482, 20 Ohltown Road, Austintown, Ohio 44515, and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred eighty-five (185) employees in the classifications of ER Case Manager, Lead Case Manager, RN Case Manager, Nursing Educator, Resource Nurse, RN Charge Nurse, RN Level I, and RN Navigator. Ohio Council 8, UNA, and Steward Health Care were parties to a CBA establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBA has been adopted by the Insight Defendants.

14.   Plaintiff SEIU District 1199 and its affiliated local unions represent five (5) bargaining units of employees of the Insight Defendants who were employed at the Insight Defendants' facilities located at 1350 East Market Street, Warren, Ohio 44482, 20 Ohltown Road, Austintown, Ohio 44515, and 2580 Elm Road, Cortland, Ohio 44410, including a total of approximately one hundred thirty-

four (134) employees in the classifications of Mammography Technician, Cardiovascular Radiology, Exercise Physiologist, Exercise Technician Lead, Ultrasound Technologist, Social Worker, Registered Dietician, CT Technician, PC Technician, Clinical Lab Assistant I, Histotechnologist, Pathology Assistant, Driver, Laboratory Technician, Medical Technologist, Technical Reference Lab Specialist, LPN I, MRI Technician, Nuclear Medical Technician, COTA, Occupational Therapist, Financial Counselor, Lead Cash Applications, Pharmacist, Physical Therapist, Physical Therapy Assistant, Activities Therapist, Radiation Therapist, Lead Radiation Therapist, Multi-Modality Technician Lead, Multi-Modality Technician, Respiratory Therapist Registered, Radiology Technician, Lead Trainer, Respiratory Therapist License Permit, Respiratory Therapist Registered, Sleep Lab Technician, Speech Pathologist, Mailroom Clerk, Telecom Operator, and Ultrasound Technologist. SEIU District 1199 and Steward Health Care were parties to two (2) CBAs establishing the wages, hours, and terms and conditions of employment for bargaining unit employees, which CBAs were adopted by the Insight Defendants.

15.     At all times relevant to this action, the Unions have been claimants/creditors in the bankruptcy proceedings that led to Defendants' acquisition of the facilities at 1350 East Market Street, Warren, Ohio 44482, 20 Ohltown Road, Austintown, Ohio 44515, 2580 Elm Road, Cortland, Ohio 44410, and 8747 Squires Lane NE, Warran, Ohio 44484. At all times after Defendants' acquisition of the facilities, Defendants have recognized the Unions as the exclusive representatives of bargaining unit employees, and adopted the terms of the CBAs that apply to bargaining unit employees.

16.     Defendant Insight Foundation of Hillside ("Insight Hillside") is a nonprofit incorporated under the laws of Ohio with a principal place of business located at 8748 Squires Lane NE, Warren, Ohio 44484 ("Hillside Facility"). Insight Hillside is registered to do business as "Insight Hospital and Medical Center Hillside." Insight Hillside was an employer of Plaintiffs and members of the proposed class within the meaning of 29 U.S.C. § 203(d).

EXHIBIT A

17.     Defendant Insight Foundation of Trumbull ("Insight Trumbull") is a nonprofit incorporated under the laws of Ohio with a principal place of business located at 1350 East Market Street, Warren, Ohio 44482. Insight Foundation of Trumbull also maintains facilities at 20 Ohltown Rd., Austintown, Ohio 44515, and 2580 Elm Road, Cortland, Ohio 44410 (collectively the "Trumbull Facilities") (hereinafter the Hillside Facility and the Trumbull Facilities shall be collectively referred to as the "Facilities"). Insight Trumbull is registered to do business as "Insight Hospital and Medical Center Trumbull." Insight Trumbull was an employer of Plaintiffs and members of the proposed class within the meaning of 29 U.S.C. § 203(d).

18.     Defendant Firdaus Foundation is a nonprofit incorporated under the laws of Michigan, doing business as "Insight Foundation of America." Upon information and belief, and pursuant to corporation documents filed with the Ohio Secretary of State, Firdaus Foundation owns both Insight Trumbull and Insight Hillside, and maintains significant control in the management of Insight Trumbull and Insight Hillside. Defendant Dr. Jawad A. Shah, M.D. ("Shah") is listed as the President, Secretary, and Treasurer of Firdaus Foundation, and Defendant Ali Madha ("Madha") is listed as a Director in its filings with the Michigan Secretary of State. Firdaus Foundation was an employer of Plaintiffs and members of the proposed class within the meaning of 29 U.S.C. § 203(d).

19.     Defendant Jawad A. Shah, M.D., P.C. is a Michigan for-profit professional corporation, doing business as, among many other aliases[1], "Insight Institute of Neurosurgery &

---

[1] Defendant Jawad A. Shah, M.D., P.C. has at least 27 names under which it does business, including but not limited to, Insight Assisted Living Facility, Insight Case Management Services, Insight Clinical Neuroscience, Insight Comprehensive Rehab, Insight Comprehensive Therapy, Insight DBS and Functional Stroke Recovery Center, Insight Extended Care, Insight Family Practice, Insight Functional Neurology, Insight Healing Center, Insight Infusion and Wound Care Clinic, Insight Institute of Neuropsychology, Insight Medical Solutions, Insight Neural Repair Center, Insight Neuro Chiropractic Center, Insight Neurocognitive Health Services, Insight Neuropsychology and Behavioral Health, Insight Neuropsychology and Counseling Services, Insight Nutritional Services, Insight Orthopedic Specialists – Bone & Joint Center, Insight Pain Management Cetner, Insight

Neuroscience" (hereinafter referred to as "IINN"), and headquartered in Flint, Michigan. Upon information and belief, Defendant IINN functions as the primary entity responsible for central control of all of the Insight brand's operations in Michigan, Ohio, and Illinois, and lists on its website among its divisions, Insight Trumbull and Insight Hillside. Defendant Shah is IINN's President and CEO, and is listed as IINN's President and only Director with the Michigan Secretary of State. Defendant Madha is IINN's Corporate Chief Operations Officer, and is listed as IINN's Treasurer and agent with the Michigan Secretary of State. Defendant IINN was an employer of Plaintiffs and members of the proposed class within the meaning of 29 U.S.C. § 203(d).

20.     Defendant Shah is an individual who resides in Michigan. Defendant Shah serves as Insight Trumbull's and Insight Hillside's Interim CEO, in addition to being Defendant IINN's Founder, President and CEO, as well as Defendant Firdaus Foundation's President, Secretary and Treasurer. Defendant Shah is individually liable to the Plaintiffs and the proposed class under the definitions of "employer" set forth in the FLSA, OMFWSA, and Section 34a of Article II, in the Ohio Constitution and R.C. 4113.15 because he serves as a manager and/or member of the Insight Defendants, and ultimately controls significant aspects of Insight Defendants' day-to-day functions, finances, and has power over personnel and payroll decisions, including the compensation and payment of accrued vacation to employees, such as Plaintiffs and the proposed class members. 29 U.S.C. § 203(d).

21.     Defendant Madha is an individual who resides in Novi, Michigan and Chicago, Illinois. Defendant Madha serves as Insight Trumbull's and Insight Hillside's Interim COO, in addition to being Defendant IINN's Corporate Chief Operations Officer and Defendant Firdaus Foundation's

---

Pediatric Neurosurgery Center, Insight Physical Therapy and Rehab Center, Insight Residential Rehab, Insight Residential Therapy, Insight Toxicology, Insight Wellness Clinic, and Jawad A. Shah, M.D.

EXHIBIT A

Director. Defendant Madha is individually liable to the Plaintiffs and the proposed class under the definitions of "employer" set forth in the FLSA, OMFWSA, Section 34a of Article II in the Ohio Constitution, and R.C. 4113.15 because he serves as a manager and/or member of the Insight Defendants, and ultimately controls significant aspects of Insight Defendants' day-to-day functions, finances, and has power over personnel and payroll decisions, including the compensation and payment of accrued vacation to employees, such as Plaintiffs and the proposed class members. 29 U.S.C. § 203(d).

22.     By virtue of their roles in the Insight Defendants, Defendants Shah and Madha had the power and authority to stop any illegal pay practices that harmed Plaintiffs and members of the proposed class.

23.     Defendants John Does 1-10 are other entities or natural persons presently unidentified and whose addresses are presently unknown, including but not limited to owners, officers, executives, directors, and any other entities who participated in the scheme to schedule Plaintiffs and other employees of Insight Hillside and Insight Trumbull to work despite knowing that the healthcare Facilities could not fund payroll after March 21, 2025, and that Plaintiffs and other employees would not be compensated for the hours they worked during the last pay periods prior to the closing, and would not receive their benefits and paid vacation time.

24.     Upon information and belief, Defendants IINN, Firdaus Foundation, Insight Hillside, and Insight Trumbull act as a single employer under the WARN Act.

25.     The Insight Defendants are an employer as defined in 29 U.S.C. § 152(2) of the NLRA.

**JURISDICTION AND VENUE.**

26.     The Court has jurisdiction of this action under 28 U.S.C. § 1331, 29 U.S.C. § 2104(a)(5), and 29 U.S.C. § 216, because Plaintiffs' claims arise, in part, under the WARN Act, 29 U.S.C. §§ 2101-2109. In addition to the named Plaintiffs' individual claims, this action is filed as and is intended to be

EXHIBIT A

a "collective action" as authorized by the Fair Labor Standards Act and the WARN Act, 29 U.S.C. § 2104(a)(5). This action is also filed as a class action under Rule 23 of the Federal Rules of Civil Procedure.

27.    Federal jurisdiction is invoked to secure protection and to redress deprivations of rights under statutes of the United States, specifically including the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.* and the WARN Act, 29 U.S.C. § 2104(a)(5).

28.    This Court has supplemental jurisdiction over Plaintiffs', and the proposed class's, State Law causes of action against Defendants pursuant to 28 U.S.C. § 1367(a), which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

29.    Venue is proper in this district under 28 U.S.C. § 2104(a)(5), since the violation of the WARN Act alleged herein took place in this District and specifically in Trumbull County, Ohio.

30.    Venue of Plaintiffs', and the proposed class's, supplemental State Law and other Federal causes of action is also proper pursuant to 28 U.S.C. §1391(b) because: (a) Defendants are authorized to conduct business in this District and have intentionally availed themselves to the laws and markets within this District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## **FACTS RELATED TO THE NAMED PLAINTIFFS.**

31.    Plaintiff McCullough was employed by the Insight Defendants, as a single employer, at the Hillside Facility until his layoff without cause on or about March 28, 2025.

32.    At the time of his termination, Plaintiff McCullough was entitled to payment for accrued vacation time for which he has not been paid.

33.     At the time of his termination, Plaintiff McCullough was owed at least 2 weeks' worth of wages for work he had performed prior to Insight Hillside closing. While Defendants have issued some payments to Plaintiff McCullough since closing, it is unclear whether the payments were for owed wages or withheld healthcare contributions. It is believed Plaintiff McCullough is still owed for work he performed for Insight Hillside.

34.     Plaintiff McCullough participated in Insight Defendants' offered health insurance (hereinafter "Health Plan"). Defendants withdrew contributions to the Health Plan from Plaintiff McCullough's compensation.

35.     Plaintiff McCullough was notified that his health insurance terminated on March 31, 2025.

36.     Upon information and belief, Defendants are withholding Plaintiff McCullough's contributions to the Health Plan and have not returned them.

37.     Plaintiff Foor was employed by the Insight Defendants, as a single employer, at the Trumbull Facility until her layoff without cause on or about March 28, 2025.  At all relevant times, Plaintiff Foor was a nonexempt employee who Insight Trumbull routinely paid overtime.

38.     At the time of her termination, Plaintiff Foor was entitled to payment for accrued vacation time for which she has not been paid.

39.     Plaintiff Foor also had deductions for health insurance taken from her pay, prior to Defendants' cancelling her health coverage.

40.     Based upon information and belief, when Defendants assumed management of Insight Trumbull and Insight Hillside in January 2025, there were errors in payroll that resulted in overpayments to some employees, including Plaintiff Foor.

41.     Instead of properly accounting for the overpayments and adjusting employees' wages, Defendants fraudulently modified employees' hours worked to apparently recoup overpayments.

EXHIBIT A

Specifically, Defendants reduced the hours employees worked in the timekeeping system, to result in lower payments to employees. By way of example, if an employee worked 40 hours, Defendants reduced the employee's time to 30 hours to recover any overpayment.

42.     Plaintiff Foor, as part of her role for Defendants, kept records of hours employees worked and noted the discrepancy in Defendants' timekeeping records. Plaintiff Foor personally noticed that Defendants reduced her hours worked in the timekeeping system in January and February of 2025.

43.     Upon information and belief, Defendants have yet to remedy their fraudulent timekeeping practices and have intentionally not kept accurate records of employees' hours worked, including overtime and vacation time accruals.

44.     Upon information and belief, Defendants controlled a number of operations at Insight Hillside and Insight Trumbull through Defendant IINN, including but not limited to payroll, physician and clinical credentialling, nursing management, transportation logistics and accounting, and marketing.

45.     Upon information and belief, Defendants transferred assets, including but not limited to medical devices and equipment, pharmaceuticals, and money between Defendants Insight Trumbull, Insight Hillside, and IINN in Flint, Michigan.

46.     Plaintiff Vanessa G. Satterthwaite is an individual who resides in the City of Niles, Ohio, in Trumbull County, and is seeking to be a Plaintiff and a representative of the proposed Class. Satterthwaite is employed as an RN Level I with Insight at its 1350 East Market Street, Warren, Ohio 44482 location (Insight Hospital and Medical Center Trumbull). Satterthwaite is a member of the Local 2026 bargaining unit. At all relevant times, Plaintiff Satterthwaite was a bargaining unit employee who Insight Trumbull routinely paid overtime. At the time of her termination, Plaintiff Satterthwaite was entitled to payment for accrued vacation time for which she has not been paid. Plaintiff

14

EXHIBIT A

Satterthwaite also had deductions for health insurance taken from her pay, prior to Defendants' cancelling her health coverage.

47. Plaintiff Billie E. Fike is an individual who resides in the City of Warren, Ohio, in Trumbull County, and is seeking to be a Plaintiff and a representative of the proposed Class. Fike is employed as an Admitting Lead with Insight at its 8747 Squires Lane, Warren, Ohio 44484 location (Insight Foundation of Hillside). Fike is a member of the Local 2288 bargaining unit. At all times relevant, Plaintiff Fike was a bargaining unit employee who Insight Hillside routinely paid overtime. At the time of her termination, Plaintiff Fike had deductions for health insurance taken from her pay, prior to Defendants' cancelling her health coverage.

48. On or about March 28, 2025, and thereafter, Defendants ordered termination of Plaintiffs' employment, along with the termination of at least 100 other employees who worked at or reported to the Defendants' Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act. Defendants failed to give employees and the Unions 60 days advance written notice required by the WARN Act.

49. At some point prior to closing of the Insight Facilities, Defendants Shah and Madha assumed control of the Insight Facilities as Interim CEO and Interim COO, respectively.

50. By undated letter, at some point *after* Defendants closed the Insight Facilities, Defendant Madha mailed a letter to Plaintiffs and similarly situated employees at the Insight Facilities, claiming employees were temporarily being "furloughed" and would "***remain on the payroll until you have used all accrued vacation***."

51. However, Defendants have failed to pay Plaintiffs and similarly situated employees for accrued vacation time and at least 3 weeks' worth of wages prior to terminating their employment.

52. Despite Defendant Madha's representation that the Insight Facilities would reopen within 6 months; Defendants did not reopen the Insight Facilities within 6 months of closing.

EXHIBIT A

53.     Further, based upon information and belief, Defendants' failure to give notice under the WARN Act is not excusable under any statutory exceptions to the WARN Act's requirements.

54.     On or before March 31, 2025, the Defendants issued a notice that all Health Plan benefits were terminated on March 31, 2025.

55.     Upon information and belief, Defendants failed to use funds deducted from the Plaintiffs' and similarly situated employees' pay that were intended to be contributions to the Health Plan and have also failed to return those deductions to Plaintiffs and the proposed Class.

## COLLECTIVE ACTION ALLEGATIONS

56.  Plaintiffs restate and re-allege Paragraphs 1 through 55 of the Complaint as if fully rewritten herein.

57.  Plaintiffs bring the FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in Class (the "FLSA Collective"):

> All non-exempt persons who worked at Defendants' Facilities from January 1, 2025 to present.

58.  Plaintiffs are similarly situated to all former and current employees described in the FLSA collective.

## CLASS-ACTION ALLEGATIONS WARN ACT

59.  Plaintiffs restate and re-allege Paragraphs 1 through 58 of the Complaint as if fully rewritten herein.

60.  Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated former employees of the Insight Defendants who worked at or reported to Defendants' Facilities and were terminated without cause on or about March 28, 2025 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff and/or plant closings ordered by Defendants on March 28, 2025, pursuant to 29 U.S.C. § 2104(a)(5).

16

EXHIBIT A

61. Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

62. The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

63. The Insight Defendants were required by the WARN Act to give the Unions and the Plaintiffs and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

64. Prior to their termination, neither the Unions nor the Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

65. Defendants failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS-ACTION ALLEGATIONS RULE 23

66. Plaintiffs restate and re-allege Paragraphs 1 through 65 of the Complaint as if fully rewritten herein.

67. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and as representatives of a class (the "Class") of similarly situated individuals asserting statutory and common law claims arising from Defendants' unlawful conduct, including but not limited to Defendants' violation of the WARN Act 29 U.S.C. §2101 *et seq.;* FLSA 29 U.S.C. § 201 *et seq,;* Article II, Section 34a of the Ohio Constitution; and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111 *et seq.*, and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15.

EXHIBIT A

68. Plaintiffs reserve the right to amend this class definition or bring appropriate subclasses if necessary.

69. Plaintiffs are part of the class they seek to represent. They possess the same interest as the absent Class members and have suffered the same injury.

70. The proposed Class members are so numerous that joinder of all Class members is impracticable.

71. While Plaintiffs do not know the exact number of Class members (as such information is in the exclusive control of Defendants), Plaintiffs believe the Class encompasses at least 800 employees.

72. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions of law and fact that affect the Class members include, but are not limited to:

    a. whether Class members were employees of the Insight Defendants who worked at or reported to Defendants' Facilities;

    b. whether the Insight Defendants, as a single employer, terminated the employment of Class members without cause on their part and without giving them 60 days advance written notice;

    c. whether the Insight Defendants paid the Class members 60 days wages and benefits as required by the WARN Act;

    d. whether the Insight Defendants may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" exceptions as defenses for Defendants' breach of the WARN Act;

    e. whether Defendants failed to remit funds from Class members' compensation to the Health Plan;

    f. whether Plaintiff and Class members are entitled to compensation for accrued vacation time, unreimbursed expenses, and health contributions collected by Defendants;

    g. whether Defendants failed to compensate Plaintiffs and Class members for work performed prior to April 1, 2025;

    h. whether Defendants induced Plaintiffs and Class members to work at Insight Trumbull and Insight Hillside knowing that Plaintiffs and Class members would not be compensated for the work;

EXHIBIT A

i. whether Defendants failed to keep accurate time records for Plaintiffs and Class members in violation of the FLSA;

j. whether Defendants were unjustly enriched by wrongfully retaining Class members' wages and benefits and should therefore disgorge all wages and benefits retained and rightfully owed to Class members;

k. whether the Court should grant injunctive relief to Class members to prevent the Defendants from dissolving their entities and dissipating any assets;

l. whether the Plaintiffs and Class members are entitled to punitive damages for Defendants' unlawful conduct; and

m. whether Plaintiffs and the Class members sustained damages and the proper measure of damages.

73. The claims and defenses of the named Plaintiffs are typical of the claims and defenses of Class members.

74. Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

75. Plaintiffs have retained competent counsel with experience in class-action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those of the Class that Plaintiffs seek to represent.

76. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of FLSA and WARN Act litigation, where individual Plaintiffs and Class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants. There will be no difficulty in the management of this action as a class action.

77. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law would go unremedied.

78. Class certification is proper under Rule 23(a) and (b).

19

EXHIBIT A

<u>**COUNT I**</u>
<u>**CLAIM FOR RELIEF UNDER THE WARN ACT AGAINST THE INSIGHT**</u>
<u>**DEFENDANTS**</u>

79. Plaintiffs restate and re-allege Paragraphs 1 through 78 of the Complaint as if fully rewritten herein.

80. At all relevant times, the Insight Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

81. At all relevant times, the Insight Defendants were an "employer" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639.3(a), continued to operate as a business until it decided to order a mass layoff or plant closing at Defendants' Facilities.

82. The Insight Defendants constituted a "single employer" of the Plaintiffs and the Class members under the WARN Act, in that, among other things:

1. **<u>Common Ownership:</u>** Upon information and belief, at all relevant times, Insight Hillside and Insight Trumbull were, wholly owned, directly or indirectly, by Firdaus Foundation. Upon information and belief, Defendant Firdaus Foundation and Defendant IINN are owned, directly or indirectly, by the same individuals, including but not limited to Defendants Shah and Madha.

2. **<u>Common Directors and Officers</u>**

   *(a)* Upon information and belief, at all relevant times, Insight Hillside and Insight Trumbull are controlled and managed by Defendant Shah, the President, Treasurer, Secretary, and Director of the Firdaus Foundation, and Founder, President and CEO of Defendant IINN.

   *(b)* Upon information and belief, all executive positions at Insight Hillside and Insight Trumbull were controlled by Defendant the Firdaus Foundation, Defendant IINN, and Defendants Shah and Madha.

   *(c)* Defendant Shah is currently assuming the role of President at Insight

20

EXHIBIT A

Hillside and Insight Trumbull, and is Defendant IINN's Founder, President and COO, and Defendant Firdaus Foundation's President, Treasurer, Secretary, and Director.

(d)     Defendant Madha, the Firdaus Foundation's Director and Defendant IINN's COO, is currently acting as "Interim COO" of Insight Hillside and Insight Trumbull.

**3.  <u>Dependency of Operations</u>**

(e)     Upon information and belief, at all relevant times, Insight Hillside and Insight Trumbull were completely dependent on Defendant Firdaus Foundation and Defendant IINN for daily operating funds which were provided either directly by the Firdaus Foundation and Defendant IINN or through financing arranged by the Firdaus Foundation and Defendant IINN.

**4.  <u>Unity of Personnel Policies</u>**

(f)     Upon information and belief, at all relevant times, Defendants maintained common personnel policies which were put into place by the Firdaus Foundation and Defendant IINN, including payment of wages, accrued vacation, and other fringe benefits.

(g)     Upon information and belief, at all relevant times, payroll for Insight Hillside and Insight Trumbull was controlled by Defendants IINN, the Firdaus Foundation, Shah and Madha.

(h)     Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by Defendants IINN, the Firdaus Foundation, Shah, and Madha on behalf of, and to benefit, each of the Defendants.

**5.   <u>De Facto Control</u>**

(i)     Upon information and belief, at all relevant times, Defendants IINN, the Firdaus Foundation, Shah, and Madha maintained sole control over all critical business decisions made on behalf of Insight Hillside and Insight Trumbull, including decisions relating to Plaintiffs' and the Class's employment and specifically, the decision to shut down the Facilities without providing

21

WARN notice.

(j)     Defendant Madha wrote a letter to employees at Insight Hillside and Insight Trumbull that the Defendants knew they would be unable to meet payroll since at least March 21, 2025.

(k)     Upon information and belief, at all relevant times, all management-level personnel hiring and firing at Insight Trumbull and Insight Hillside were conducted by the Defendants IINN, the Firdaus Foundation, Shah, and Madha.

(l)     Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by Defendants IINN, the Firdaus Foundation, Shah, and Madha on behalf of Insight Hillside and Insight Trumbull as a single employer.

83. On or about March 28, 2025, the Defendants ordered a mass layoff, plant closing, or termination at the Facilities, as those terms are defined by 29 U.S.C. §2101(a)(2) and (3).

84. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a) for at least 50 of the Insight Defendants' employees as well as 33% of Defendants' workforce at the Insight Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

85. The Plaintiffs and the Class members were terminated by the Insight Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by the Defendants at the Facilities.

86. The Plaintiffs and the Class members are "affected employees" of the Insight Defendants, within the meaning of 29 U.S.C. §2101(a)(5) of the WARN Act.

87. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 *et. seq.*, the Insight Defendants were required to provide at least 60 days prior written notice of the termination or notice

EXHIBIT A

as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

88. Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

89. The Plaintiffs, and each of the Class members, are "aggrieved employees" of the Insight Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

90. Upon information and belief, the Insight Defendants failed to pay the Plaintiffs and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

91. As a result of Insight Defendants' failure to pay the wages, benefits and other monies described above, the aggrieved employees were damaged in an amount equal to the sum of the Class members' unpaid wages, accrued holiday pay, accrued vacation pay, and benefits which would have been paid for a period of 60 calendar days after the date of the Class members' terminations.

92. The relief sought in this Count is equitable in nature.

<u>**COUNT II**</u>
<u>**DEFENDANTS' VIOLATON OF THE FLSA**</u>

93. Plaintiffs restate and re-allege Paragraphs 1 through 92 of the Complaint as if fully rewritten herein.

94. Plaintiffs bring this claim individually, and on behalf of the Class of similarly situated employees.

95. Defendants employed persons in Ohio in domestic service for profit, which affects interstate commerce pursuant to Section 2(a)(5) of the FLSA, 29 U.S.C. § 202(a)(5). Defendants employed

23

Plaintiffs and Class members as healthcare workers in its Facilities to provide healthcare to inpatients and outpatients.

96. At all relevant times herein, Defendants have employed employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Further, at all times relevant herein, Defendants had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

97. At all relevant times herein, Defendants Shah and Madha are jointly and severally liable with the Insight Defendants, under the definition of "employer" set forth in the FLSA due to their roles as manager and/or member of the Insight Defendants, who ultimately control the Insight Defendants' day-to-day functions, finances, operations, and personnel and payroll decisions, including whether to stop illegal pay practices that harmed Plaintiffs and members of the proposed Class.

98. Defendants violated the provisions of the FLSA in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees.

99. For example, due to their practice of reducing employees' actual hours worked and paying employees for less hours than those worked in a given pay period, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, total weekly straight-time earnings, and total weekly overtime premium pay.

100.     Defendants' failure to pay Plaintiffs and members of the Class for hours worked prior to the Defendants' closure on March 28, 2025 violates the FLSA, including but not limited to the minimum wage provisions of 29 U.S.C. § 206.

24

EXHIBIT A

101.    Plaintiffs and Class members are entitled to recover from Defendants an appropriate amount for all hours worked, including unpaid overtime hours, together with liquidated damages in an amount equal thereto, and attorney fees pursuant to 29 U.S.C. § 216(b).

102.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that Plaintiffs and members of the Class are entitled to recover from Defendants an appropriate amount for all hours worked including minimum wages and overtime, together with liquidated damages in an amount equal thereto and attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT III
## DENIAL OF MINIMUM WAGES UNDER ARTICLE II, § 34a OF THE OHIO CONSITUTION

103.    Plaintiffs restate and re-allege Paragraphs 1 through 102 of the Complaint as if fully rewritten herein.

104.    Plaintiffs bring this claim individually and on behalf of the Class.

105.    Under Article II, § 34a of the Ohio Constitution, Defendants were required to pay Plaintiffs and Class members the legally-required minimum wage for all hours worked.

106.    Defendants' conduct described herein violates Article II, § 34a of the Ohio Constitution governing payment of minimum wages. Article II, § 34a is a self-executing provision that provides a private right of action.

107.    At all relevant times herein, Defendants Shah and Madha are jointly and severally liable with the Insight Defendants, under the definition of "employer" set forth in the FLSA, OMFWSA, and Article II, § 34a , due to their roles as manager and/or member of the Insight Defendants, who ultimately control the Insight Defendants' day-to-day functions, finances, operations, and personnel and payroll decisions, including whether to stop illegal pay practices that harmed Plaintiffs and members of the proposed Class.

25

EXHIBIT A

108.     Defendants have willfully and with reckless disregard deprived Plaintiffs and members of the Class of the payment of minimum wage compensation under Article II, § 34a of the Ohio Constitution, which entitles Plaintiffs and others similarly situated to liquidated and/or punitive damages and other appropriate relief.

**COUNT IV**
**VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT**

109.     Plaintiffs restate and re-allege Paragraphs 1 through 108 of the Complaint as if fully rewritten herein.

110.     Plaintiffs bring this claim individually and on behalf of the Class.

111.     Under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. 4111.01 *et seq.*, Defendants were required to pay Plaintiffs and members of the Class the legally required minimum wage for all hours worked.

112.     Defendants' conduct as described herein violates the OMFWSA provisions governing payment of minimum wages.

113.     At all relevant times herein, Defendants Shah and Madha are jointly and severally liable with the Insight Defendants, under the definition of "employer" set forth in the FLSA, OMFWSA, and Article II, § 34a , due to their roles as manager and/or member of the Insight Defendants, who ultimately control the Insight Defendants' day-to-day functions, finances, operations, and personnel and payroll decisions, including whether to stop illegal pay practices that harmed Plaintiffs and members of the proposed Class.

114.     Defendants have willfully and with reckless disregard deprived Plaintiffs and Class members of the payment of minimum wage compensation under the OMFWSA, which entitles Plaintiffs and others similarly situated to liquidated and/or punitive damages and other appropriate relief.

26

EXHIBIT A

115.     Plaintiffs assert this claim in the alternative in the event that this Court finds that they may not proceed directly under Article II, § 34a of the Ohio Constitution for Defendants' failure to pay the Class the legally-required minimum wage for all hours worked.

## COUNT V
## UNJUST ENRICHMENT

116.     Plaintiffs restate and re-allege Paragraphs 1 through 115 of the Complaint as if fully rewritten herein.

117.     Plaintiffs bring this claim individually and on behalf of the Class.

118.     Plaintiffs and members of the Class conferred a benefit upon the Defendants when they worked hours and provided services to the Defendants, and performed such other acts and conduct for Defendants' benefit.

119.     The benefits were conferred by Plaintiffs and members of the Class without receiving just compensation from Defendants for the services rendered.

120.     Defendants have been unjustly enriched by the benefits conferred by Plaintiffs and members of the Class.

121.     Plaintiffs and Class members are entitled to just compensation for the reasonable value of services rendered to the Defendants.

## COUNT VI
## DEFENDANTS' VIOLATION OF OHIO REVISED CODE SECTION 4113.15

122.     Plaintiffs restate and re-allege Paragraphs 1 through 121 of the Complaint as if fully rewritten herein.

Section 4113.15(A) of the Ohio Revised code provides, in pertinent part, that:

> Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the

EXHIBIT A

wages earned by them during the last half of the preceding calendar month…

Section 4113.15(D)(1) provides, in pertinent part, that:

> "wage" means the net amount of money payable to an employee, including any guaranteed pay or reimbursement for expenses, less any federal, state, or local taxes withheld; any deductions made pursuant to a written agreement for the purpose of providing the employee with any fringe benefits; and any employee authorized deduction.

123.    Upon information and belief, Plaintiffs and Class members accrued vacation time as part of their compensation with Defendants, which Defendants have failed to pay Plaintiffs and Class members.

124.    The sixty days of wages owed under the WARN Act in lieu of sixty days' advance notice constitute "wages" under state law. Defendants therefore violated Section 4113.15(A) when they failed to pay Plaintiffs and all others similarly situated all wages within the statutory period.

125.    In addition to the foregoing, Section 4113.15(C) of the Ohio Revised Code provides, in pertinent part, that:

> In the absence of a contest, court order or dispute, an employer who is party to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises. No person shall, without reasonable justification or excuse for such failure, knowingly fail or refuse to pay to the appropriate person, organization, or governmental agency the amount necessary to provide the benefits or accomplish the purpose of any employee authorized deduction, within thirty days after the close of the pay period during which the employee earned or had deducted the amount of money necessary to pay for the fringe benefit or make any employee authorized deduction. A failure or refusal to pay, regardless of the number of employee pay accounts involved, constitutes one offense for the first delinquency of thirty days and a separate offense for each successive delinquency of thirty days.

Section 4113.15.(D)(2) defines "fringe benefits" as follows:

> "[f]ringe benefits" includes but is not limited to health, welfare, or retirement benefits, whether paid for entirely by the employer or on

28

EXHIBIT A

the basis of a joint employer-employee contribution, or vacation, separation, or holiday pay.

126.    Upon information and belief, Defendants withdrew contributions for the Health Plan from employee Class members' wages.

127.    However, upon information and belief, Defendants failed to remit withheld Health Plan contributions back to Plaintiffs and the Class members, while also cancelling Health Plan coverage for the Plaintiffs and the Class members.

128.    There is no contest, court order, dispute, or any other excuse that would justify Defendants' failure to pay the aforementioned wages.

129.    There is no contest, court order, dispute, or any other excuse that would justify Defendants failure' to pay the aforementioned fringe benefit contributions as required.

130.    At all relevant times herein, Defendants Shah and Madha are jointly and severally liable with the Insight Defendants, under the definition of "employer" set forth in the FLSA, OMFWSA, and Article II, § 34a, and Section 4113.15, due to their roles as manager and/or member of the Insight Defendants, who ultimately control the Insight Defendants' day-to-day functions, finances, operations, and personnel and payroll decisions, including whether to stop illegal pay practices that harmed Plaintiffs and members of the proposed Class.

131.    Pursuant to Section 4113.15(C) of the Ohio Revised Code, Defendants have become the trustee of any and all monies due to Class members for unpaid wages and/or fringe benefits owed and unlawfully withheld.

132.    Pursuant to 4113.15(B), due to Defendants' failure to pay Plaintiffs and Class members for unpaid wages and/or fringe benefits owed and unlawfully withheld, Defendants are liable for liquidated damages in the amount due plus 6% per payroll period or $200 per payroll period, whichever is greater.

EXHIBIT A

## COUNT VII
## DEFENDANTS' VIOLATION OF OHIO REVISED CODE SECTION 2307.60

133.     Plaintiffs restate and re-allege Paragraphs 1 through 132 of the Complaint as if fully rewritten herein.

134.     Plaintiffs are "anyone" within the meaning of Ohio Revised Code Section 2307.60(A)(1).

135.     Defendants engaged in a "criminal act" that "injured" Plaintiffs and all other similarly situated "in person" within the meaning of Ohio Revised Code Section 2307.60(A)(1) because their conduct violated Ohio Revised Code Section 4113.15, which is a criminal misdemeanor of the first degree under Ohio Revised Code Section 4113.99(A).

136.     As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

137.     Consistent with Ohio Revised Code Section 2315.21, Plaintiffs and all others similarly situated are entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendants as principals or masters knowingly authorized, participated in, or ratified the actions of omissions that so demonstrate.

138.     Consistent with the rule in *Columbus Finance, Inc. v. Howard,* 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiffs and all others similarly situated are entitled to punitive damages, Plaintiffs and all others similarly situated are also entitled to reasonable attorneys' fees incurred in pursuing this Count VII.


## COUNT VIII
## INSIGHT HILLSIDE, INSIGHT TRUMBULL, IINN, THE FIRDAUS FOUNDATION, SHAH, AND MADHA ARE ALL ALTER EGOS OF ONE ANOTHER AND ARE JOINTLY AND SEVERALLY LIABLE FOR EACH OTHERS' UNLAWFUL ACTS

139.     Plaintiffs restate and re-allege Paragraphs 1 through 138 of this Complaint as if fully rewritten herein.

140.     Upon information and belief, Insight Hillside, Insight Trumbull, IINN, and the Firdaus Foundation have substantially identical management, with Shah and Madha holding controlling interests.

141.     Upon information and belief, Defendants Shah, Madha, IINN and the Firdaus Foundation exercised control over Insight Hillside and Insight Trumbull that was so complete, that Insight Hillside and Insight Trumbull had no separate mind, will or existence of their own.

142.     Upon information and belief, the Defendants Shah, Madha, IINN and the Firdaus Foundation exercised control over Insight Hillside and Insight Trumbull in such a manner as to commit fraud, an illegal act, or a similarly unlawful act.

143.     Injury or unjust loss resulted to the Plaintiffs and Class members from the control and wrongdoing of the Defendants.

144.     Upon information and belief, Insight Hillside, Insight Trumbull, and the Defendants Shah, Madha, IINN and the Firdaus Foundation are alter ego entities of one another.

145.     As alter egos of one another, Insight Hillside, Insight Trumbull, and Defendants Shah, Madha, IINN and the Firdaus Foundation are jointly and severally liable for all unlawful actions taken by Insight Hillside and Insight Trumbull, including any violations of Ohio Revised Code Section 4113.15.

## COUNT VIX
## BREACH OF FIDUCIARY DUTY CLAIMS AGAINST INDIVIDUAL DEFENDANTS SHAH AND MADHA UNDER ERISA

146.     Plaintiffs restate and re-allege Paragraphs 1 through 145 of this Complaint as if fully rewritten herein.

147.     ERISA is a comprehensive statute covering virtually all aspects of employee benefit plans, including health and welfare plans, such as the Health Plan.

148.     Under ERISA, those responsible for plan management stand in a fiduciary relationship

31

EXHIBIT A

to plan participants. Pursuant to ERISA, a "fiduciary" is defined broadly to include all persons or entities that are able to exercise discretionary authority over the management of a plan or the payment of benefits. ERISA requires strict fidelity and loyalty in the execution of the plan's management.

149.    The Health Plan is governed by the provisions of ERISA, 29 U.S.C. §§1001, *et seq.* As Health Plan participants, Plaintiffs and the Class members were participants and/or beneficiaries in the Plan.

150.    Upon information and belief, the Individual Defendants, Shah and Madha, have acted to exercise discretionary authority or control respecting the Health Plan, and authority or control respecting the contributions made by Plaintiffs and the Class Members.

151.    The Individual Defendants are fiduciaries or co-fiduciaries with respect to the Health Plan pursuant to the provisions of ERISA. As co-fiduciaries, each of the Individual Defendants is liable for the other's conduct under the terms of ERISA §405(a).

152.    At all relevant times leading up to March 31, 2025, Shah and Madha engaged in self-dealing, wasted company assets, and mismanaged the affairs of the Insight Defendants.

153.    Upon information and belief, certain contributions deducted from Plaintiffs' and the Class members' pay for medical coverage were not used for their intended purpose.

154.    Individual Defendants Shah and Madha abused their discretion and/or violated their fiduciary duties of loyalty and prudence by failing to remit Plaintiffs' and Class members' contributions to the Health Plan, terminating the Health Plan, and engaging in gross mismanagement and self-dealing by not reimbursing Plaintiffs and proposed Class members.

155.    At all times relevant to the allegations raised herein, each of the Individual Defendants was a co-fiduciary of the others. Upon information and belief, each Individual Defendant knowingly participated in the fiduciary breaches described herein, enabled its co-fiduciaries to commit such fiduciary breaches by its own failure to comply with the provisions of ERISA, and/or had knowledge

EXHIBIT A

of the breaches of its co-fiduciaries and failed to take reasonable efforts to remedy such breaches.

156.     As a result of the Individual Defendants' breaches of fiduciary duties, Plaintiffs and the Class members, as Health Plan participants, suffered losses, the exact amount of which will be determined at trial.

157.     The Individual Defendants are personally liable to the Plaintiffs and the Class members for these losses.

## COUNT X
## INJUNCTIVE RELIEF AGAINST DEFENDANTS

158.     Plaintiffs restate and re-allege Paragraphs 1 through 157 of this Complaint as if fully rewritten herein.

159.     Plaintiffs, on behalf of themselves and other Class members, seek injunctive relief for the purposes of prohibiting Defendants Insight Hillside, Insight Trumbull, IINN, the Firdaus Foundation, from dissolving their corporate entities and/or dissipating corporate assets in order to protect Plaintiffs' and the Class members' future damages award.

160.     Upon information and belief, Defendants may intend to dissolve their respective corporate entities and liquidate their assets.

161.     Plaintiffs and Class members further seek a prospective order from the Court requiring Defendants to cease from dissolving their respective corporate entities – Insight Hillside; Insight Trumbull; IINN; and the Firdaus Foundation; and which prohibits any attempts by Defendants to liquidate any and all corporate assets and property.

162.     Plaintiffs and Class members seek an equitable award of back wages under the WARN Act and other relief as set forth in the prayer below.

163.     As a result of Defendants' failure to provide notice under the WARN Act as described above, Plaintiffs and Class members have suffered, and will continue to suffer, irreparable harm and injury.

EXHIBIT A

164.      Accordingly, Plaintiffs and the Class members respectfully ask the Court to enter a preliminary injunction under Fed. R. Civ. P. 65 ordering Defendants to cease and desist attempts to dissolve their corporate entities and/or dissipate corporate assets in order to protect Plaintiffs' and the Class members' future damages award.

**WHEREFORE**, Plaintiffs and all other similarly situated employees of Defendants who elect to opt-in to this FLSA action as described with particularity in 29 U.S.C. § 216(b), and also those who are encompassed by the Rule 23 class definition, demand judgment against the Defendants, jointly and severally, as follows:

A.  For the FLSA Collective:

1.)      An order certifying this case as a collective action under 29 U.S.C. § 216(b) with respect to Plaintiffs' FLSA claim;

2.)      An Order requiring Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, email addresses, phone numbers, and dates and location of employment of all FLSA Collective members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, apprising the FLSA Collective members of their rights by law to join and participate in this lawsuit;

3.)      Declaring Defendants violated the FLSA;

4.)      Declaring Defendants' violations of the FLSA were willful;

5.)      Designating Plaintiffs as representatives of the FLSA Collective, and undersigned counsel as Class counsel for the same

6.)      An entry of judgement in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the FLSA Collective the full amount of damages and liquidated damages available by law; and

EXHIBIT A

7.)     An award of Plaintiffs' reasonable attorneys' fees and costs.

B.    For the Rule 23 Class:

8.)     An order certifying the proposed Class (and subclasses, if applicable), pursuant to Rule 23, designating Plaintiffs as the class representatives, and appointing the undersigned as class counsel;

9.)     Payment of reasonable compensation to Plaintiffs, as class representatives, for their services as such;

10.)     An entry of judgment against Defendants, and in favor of the Plaintiffs and Class for damages and liquidated damages;

11.)     Pre-judgment and post-judgment interest, as provided by law;

12.)     Reasonable costs and attorneys' fees; and

13.)     An order enjoining the Defendants from dissolving their corporate entities and/or dissipating corporate assets.

C.    Alternatively, in the unlikely event Plaintiffs cannot meet the requirements of Rule 23(b)(3) for any of the non-WARN claims asserted herein, for an order certifying such liability issues which exist, predominate, and are susceptible to class-wide proof;

D.    Granting such further relief as the Court deems just.


## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, hereby demands a trial by jury on all allowable claims and issues.

EXHIBIT A

Date: January 19, 2026        Respectfully Submitted,

By:  /s/ Christina C. Spallina
CHRISTINA C. SPALLINA (0088548)
ROSS, BRITTAIN & SCHONBERG, CO., L.P.A.
6480 Rockside Woods, Boulevard South, Suite 350
Cleveland, OH 44131
Telephone: (216) 643-4534
Facsimile: (216) 447-1554
cspallina@rbslaw.com

By:  /s/ Robert J. Dubyak
ROBERT J. DUBYAK (0059869)
DUBYAK NELSON, LLC
6105 Parkland Blvd., Suite 230
Cleveland, OH 44131
Telephone: (216) 364-0500
Facsimile: (216) 364-0505
rdubyak@dubyaknelson.com

*Attorneys for Plaintiffs and the proposed Class*

By: /s/ Kimm A. Massengill-Bernardin
KIMM A. MASSENGILL-BERNARDIN (0059292)
MICHELLE R. EVANS (0075124)
OHIO COUNCIL 8, AFSCME, AFL-CIO
6800 North High Street
Worthington, Ohio 43085
kmassengillbernardin@afscme.org
mevans@afscme8.org

*Counsel for Plaintiffs Ohio Council 8, AFSCME, AFL-CIO; Local 2288, AFSCME, AFL-CIO; Local 2804, AFSCME, AFL-CIO; and United Nurses of America, Local 2026, AFSCME, AFL-CIO*

By: /s/ Lathan Lipperman
CATHERINE HARSHMAN (0079373)
LATHAN LIPPERMAN (0095523)
HARSHMAN, WANNEMACHER TIPTON & LIPPERMAN
4683 Winterset Drive
Columbus, Ohio 43220
charshman@hcands.com
llipperman@hcands.com

*Counsel for Plaintiffs SEIU District 1199, TRMC and SEIU District 1199, NMC*

EXHIBIT A

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2026, the foregoing is being electronically filed.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Christina C. Spallina
Christina C. Spallina (0088548)

37

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID McCULLOUGH** *et al.,* | ) | **CASE NO. 4:25-cv-00644** |
| | ) | |
| Plaintiffs, | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | |
| vs. | ) | |
| | ) | |
| **INSIGHT FOUNDATION OF** | ) | |
| **HILLSIDE** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### CONSENT TO JOIN

I work or worked for Insight Foundation of Trumbull and/or Insight Foundation of Hillside and/or one or more of its wholly owned subsidiaries as an employee during the applicable statutory period.

I choose to participate in the lawsuit titled *David McCullough, et al. v. Insight Foundation of Hillside, et al.* to recover unpaid wages under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and other relief under state and federal law.

I choose to be represented in this action by the named plaintiffs and Dubyak Nelson, LLC ("Plaintiffs' Counsel"). I agree to be bound by their decisions in the litigation and by any adjudication of this action by a court, whether it is favorable or unfavorable. I understand that reasonable costs expended by Plaintiffs' Counsel on my behalf will be deducted from any settlement or judgment amount on a pro-rata basis among all other plaintiffs. I understand that Plaintiffs' Counsel will petition the Court to award them attorneys' fees from any settlement or judgment.

Signature: _____

Print Name: ___David  McCullough___

Date: ___6-30-2025___

EXHIBIT A
EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID McCULLOUGH *et al.*, | ) | CASE NO. 4:25-cv-00644 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | |
| | ) | |
| INSIGHT FOUNDATION OF | ) | |
| HILLSIDE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## CONSENT TO JOIN

I work or worked for Insight Foundation of Trumbull and/or Insight Foundation of Hillside and/or one or more of its wholly owned subsidiaries as an employee during the applicable statutory period.

I choose to participate in the lawsuit titled *David McCullough, et al. v. Insight Foundation of Hillside, et al.* to recover unpaid wages under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and other relief under state and federal law.

I choose to be represented in this action by the named plaintiffs and Dubyak Nelson, LLC ("Plaintiffs' Counsel"). I agree to be bound by their decisions in the litigation and by any adjudication of this action by a court, whether it is favorable or unfavorable. I understand that reasonable costs expended by Plaintiffs' Counsel on my behalf will be deducted from any settlement or judgment amount on a pro-rata basis among all other plaintiffs. I understand that Plaintiffs' Counsel will petition the Court to award them attorneys' fees from any settlement or judgment.

Signature: *Angela Foor*

Print Name: *Angela Foor*

Date: 6-30-25

EXHIBIT B
EXHIBIT A